| | |
|---|---|
| 1 | Robert T. Haslam (State Bar No. 71134) |
| 2 | Peter E. Gratzinger (State Bar No. 228764) |
|   | HELLER EHRMAN LLP |
| 3 | 275 Middlefield Road |
|   | Menlo Park, CA 94025-3506 |
| 4 | Telephone: (650) 324-7000 |
| 5 | Facsimile: (650) 324-0638 |
| 6 | Alan H. Blankenheimer (State Bar No. 218713) |
|   | HELLER EHRMAN LLP |
| 7 | 4350 La Jolla Village Drive, 7th Floor |
|   | San Diego, California 92122-1246 |
| 8 | Telephone: (858) 450-8400 |
| 9 | Facsimile: (858) 450-8499 |
| 10 | Attorneys for Plaintiff |
| 11 | AZUL SYSTEMS, INC. |

**ORIGINAL FILED**
MAR 1 4 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

COPY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

AZUL SYSTEMS, INC.,

Plaintiff,

v.

SUN MICROSYSTEMS, INC.,

Defendant.

Case No.:

**COMPLAINT FOR DECLARATORY JUDGMENT**

EMC

Plaintiff AZUL SYSTEMS, INC ("Azul") alleges as follows:

### NATURE OF ACTION

1.  Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Azul seeks a judgment against Sun Microsystems, Inc. ("Sun"), that Azul is not using or infringing the following United States Letters Patent (the "Sun Patents") and/or that these patents are invalid and/or unenforceable:

COMPLAINT

| | | |
|---|---|---|
| 1 | | |
| 2 | No. 6,684,297 ("'297 Patent") | Reverse directory for facilitating accesses involving a lower-level cache |
| 3 | No. 6,701,417 ("'417 Patent") | Method and apparatus for supporting multiple cache line invalidations per cycle |
| 4 | | |
| 5 | No. 6,718,457 ("'457 Patent") | Multiple-thread processor for threaded software applications |
| 6 | No. 6,014,723 ("'723 Patent") | Processor with accelerated array access bounds checking |
| 7 | | |
| 8 | No. 6,408,383 ("'383 Patent") | Array access boundary check by executing BNDCHK instruction with comparison specifiers |
| 9 | No. 5,845,298 ("'298 Patent") | Write barrier system and method for trapping garbage collection page boundary crossing pointer stores |
| 10 | | |
| 11 | No. 5,857,210 ("'210 Patent") | Bounded-pause time garbage collection system and method including read and write barriers associated with an instance of a partially relocated object |
| 12 | | |
| 13 | No. 5,953,736 ("'736 Patent") | Write barrier system and method including pointer-specific instruction variant replacement mechanism |
| 14 | No. 6,542,990 ("'990 Patent") | Array access boundary check by executing BNDCHK instructions with comparison specifiers |
| 15 | | |
| 16 | No. 5,873,104 ("'104 Patent") | Bounded Pause Time Garbage Collection System and Method Including Write Barriers Associated with Source and Instances of Partially Relocated Object |
| 17 | | |
| 18 | No. 6,862,664 ("'664 Patent") | Method and Apparatus for Delaying Interfering Accesses from Other Threads During Transactional Program Execution |
| 19 | | |
| 20 | No. 6,938,130 ("'130 Patent") | Method and apparatus for delaying interfering accesses from other threads during transactional program execution |
| 21 | | |
| 22 | No. 6,901,491 ("'491 Patent") | Method and apparatus for integration of communication links with a remote direct memory access protocol |
| 23 | | |
| 24 | No. 6,892,295 ("'295 Patent") | Processing architecture having an array bounds check capability |
| 25 | No. 6,862,693 ("'693 Patent") | Providing fault-tolerance by comparing addresses and data from redundant processors running in lock-step |
| 26 | | |
| 27 | No. 6,496,917 ("'917 Patent") | Method to reduce memory latencies by performing two levels of speculation |
| 28 | | |

-2-

COMPLAINT

| | |
|---|---|
| No. 6,718,839 ("'839 Patent") | Method and apparatus for facilitating speculative loads in a multiprocessor system |
| No. 6,826,757 ("'757 Patent") | Lock-free implementation of concurrent shared object with dynamic node allocation and distinguishing pointer value |
| No. 6,003,065 ("'065 Patent") | Method and system for distributed processing of applications on host and peripheral devices |
| No. 7,013,454 ("'454 Patent") | Thread suspension system and method using trapping instructions |

2. Also pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Azul seeks a judgment against Sun that Azul has not directly or indirectly appropriated trade secrets in violation of California state law.

## PARTIES

3. Plaintiff Azul is a Delaware corporation with a principal place of business in Mountain View, California. Azul is a technology pioneer in "network attached processing," a fundamentally new approach to providing processing power for enterprise applications, and a provider of associated products and services.

4. On information and belief, defendant Sun is a Delaware corporation with a principal place of business in Santa Clara, California. Sun is a provider of computing products and services.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this complaint under the Declaratory Judgment Act, 28 U.S.C. § 2201, and pursuant to 28 U.S.C. §§ 1331 (federal question), 1338(a) (action arising under an Act of Congress relating to patents), and 1367(a) (supplemental jurisdiction over all other claims).

6. Venue in this district and this division is proper pursuant to 28 U.S.C. § 1391 (b) and (c).

## GENERAL ALLEGATIONS

7. On February 16, 2005, Sun sent a letter to Azul stating that "Sun owns substantial patent rights and trade secrets with great relevance to Azul's planned products." A

-3-

COMPLAINT

copy of this letter is attached and incorporated as **Exhibit A**. The patents identified by Sun that allegedly "overlap[] the design" of Azul products were the '297 Patent (**Exhibit B**), the '417 Patent (**Exhibit C**), the '457 Patent (**Exhibit D**), the '723 Patent (**Exhibit E**), the '383 Patent (**Exhibit F**), the '298 Patent (**Exhibit G**), the '210 Patent (**Exhibit H**), and the '736 Patent (**Exhibit I**). Sun did not specify any trade secrets.

8. Azul determined that it does not infringe any valid patent referenced by Sun or use any Sun trade secrets, and informed Sun of these findings. Sun and Azul subsequently met for over a year in an attempt to resolve the dispute.

9. During one such meeting on April 6, 2005, Sun emphasized that it is a much bigger company than Azul, with a patent portfolio of over 4,500 United States Patents. Sun reiterated its allegations that Azul infringes the patents listed in the February 16, 2005. Sun also alleged that Azul additionally infringes the '990 Patent (**Exhibit J**), the '104 Patent (**Exhibit K**), and the '664 Patent (**Exhibit L**). In addition, Sun pointed out that certain employees of Azul are former employees of Sun, and reasserted its allegation that Azul is using unspecified Sun trade secret information. Sun demanded that Azul pay to license Sun patents and trade secrets.

10. In a letter of April 8, 2005, and repeatedly since that time, Azul has requested that Sun clarify the nature of the trade secrets claimed by Sun. Sun has never done so.

11. In a meeting with Sun on May 5, 2005 and repeatedly since that time, Azul offered to conduct an independent trade secret audit for Sun's benefit. Sun has never agreed to an independent audit. Sun has also consistently refused every other non-litigation option suggested by Azul, such as a mediated discussion between the parties' technical teams or other form of mediation or arbitration. In a letter of May 16, 2005, Sun stated: "We do not need a mediator or independent auditor to point out the obvious."

12. At a June 20, 2005 meeting, Sun again refused to disclose its alleged trade secrets. However, Sun stated that it had been working on a trade secret list for six months and that its list was now complete. Since Sun has refused to disclose the content of this list to Azul, Azul must infer that its purpose is to produce an apprehension of suit by Sun.

COMPLAINT

13. At a September 13, 2005 meeting, Sun accused Azul of additionally infringing the '130 Patent (**Exhibit M**), '491 Patent (**Exhibit N**), '295 Patent (**Exhibit O**), '693 Patent (**Exhibit P**), '917 Patent (**Exhibit Q**), '839 Patent (**Exhibit R**), and the '757 Patent (**Exhibit S**).

14. In a letter of January 18, 2006, Sun demanded that Azul preserve documents relating to Sun's patent and trade secret allegations. Sun stated that a party has such an obligation "once it knows or reasonably should know of the possibility of future litigation."

15. At a February 1, 2006 meeting, Sun accused Azul of additionally infringing the '065 Patent (**Exhibit T**) and the claims of U.S. patent application 2002/0052962. On March 14, 2005, the application issued as the '454 Patent (**Exhibit U**).

16. On February 16, 2006, a high level Sun executive told a member of the Azul board of directors that if Azul did not come to terms, Sun would sue. The Sun executive said that he had "seen a draft of the complaint." On February 17, the executive repeated this threat to a member of Azul management.

17. The last meeting between the parties was on March 8, 2006. The parties discussed Azul's long-standing offers to allow Sun access to Azul confidential technical information. Sun demanded that Azul provide a long list of its most confidential documents to Sun's outside litigation counsel, Howrey, LLP, without restrictions on Sun's or its counsel's use of that information. Azul explained that Azul would be willing to provide Sun access to its confidential documents, provided that Sun agree not to use such extraordinary access to Azul confidential information for litigation purposes. Sun refused to agree.

18. In numerous meetings and correspondence from February 2005 through the present, Sun and Azul have been unable to reach any agreement with respect to Sun's trade secret misappropriation and patent infringement allegations. Those discussions are now at an impasse, with Sun advising that it is unwilling to moderate its demands.

19. Azul has a reasonable apprehension of suit based on, *inter alia*, the ongoing and unresolved disagreement between Azul and Sun; Sun's actions in demanding payment for Azul's alleged use of Sun's patents and trade secrets; Sun's disclosure that it has compiled a

-5-

list of trade secrets allegedly used by Azul but its refusal to show the list to Azul; Sun's demand that Azul preserve documents in anticipation of litigation; Sun's demand that Azul give technical documentation to Sun's outside counsel while refusing to agree that the documents will not be used for litigation; and the explicit threat of litigation from a high level Sun executive to a member of Azul's board of directors.

20. There is an actual, substantial and continuing justiciable controversy between Sun and Azul regarding the validity and enforceability of the Sun Patents, regarding Azul's alleged use of the Sun Patents, and regarding Azul's alleged use of Sun trade secrets.

## FIRST CLAIM FOR RELIEF
### Declaratory Relief – '297 Patent

21. Azul incorporates by reference each and every allegation set forth in paragraphs 1-20 of the Complaint.

22. Azul seeks a declaration that no device made, used, sold, or offered for sale by Azul uses the '297 Patent and/or that it is invalid and/or unenforceable for one or more of the grounds set forth in §§ 102, 103 and 112 of Title 35 of the United States Code.

## SECOND CLAIM FOR RELIEF
### Declaratory Relief – '417 Patent

23. Azul incorporates by reference each and every allegation set forth in paragraphs 1-20 of the Complaint.

24. Azul seeks a declaration that no device made, used, sold, or offered for sale by Azul uses the '417 Patent and/or that it is invalid and/or unenforceable for one or more of the grounds set forth in §§ 102, 103 and 112 of Title 35 of the United States Code.

## THIRD CLAIM FOR RELIEF
### Declaratory Relief – '457 Patent

25. Azul incorporates by reference each and every allegation set forth in paragraphs 1-20 of the Complaint.

COMPLAINT

26. Azul seeks a declaration that no device made, used, sold, or offered for sale by Azul uses the '457 Patent and/or that it is invalid and/or unenforceable for one or more of the grounds set forth in §§ 102, 103 and 112 of Title 35 of the United States Code.

### FOURTH CLAIM FOR RELIEF
#### Declaratory Relief – '723 Patent

27. Azul incorporates by reference each and every allegation set forth in paragraphs 1-20 of the Complaint.

28. Azul seeks a declaration that no device made, used, sold, or offered for sale by Azul uses the '723 Patent and/or that it is invalid and/or unenforceable for one or more of the grounds set forth in §§ 102, 103 and 112 of Title 35 of the United States Code.

### FIFTH CLAIM FOR RELIEF
#### Declaratory Relief – '383 Patent

29. Azul incorporates by reference each and every allegation set forth in paragraphs 1-20 of the Complaint.

30. Azul seeks a declaration that no device made, used, sold, or offered for sale by Azul uses the '383 Patent and/or that it is invalid and/or unenforceable for one or more of the grounds set forth in §§ 102, 103 and 112 of Title 35 of the United States Code.

### SIXTH CLAIM FOR RELIEF
#### Declaratory Relief – '298 Patent

31. Azul incorporates by reference each and every allegation set forth in paragraphs 1-20 of the Complaint.

32. Azul seeks a declaration that no device made, used, sold, or offered for sale by Azul uses the '298 Patent and/or that it is invalid and/or unenforceable for one or more of the grounds set forth in §§ 102, 103 and 112 of Title 35 of the United States Code.

### SEVENTH CLAIM FOR RELIEF
#### Declaratory Relief – '210 Patent

33. Azul incorporates by reference each and every allegation set forth in paragraphs 1-20 of the Complaint.

34. Azul seeks a declaration that no device made, used, sold, or offered for sale by Azul uses the '210 Patent and/or that it is invalid and/or unenforceable for one or more of the grounds set forth in §§ 102, 103 and 112 of Title 35 of the United States Code.

### EIGHTH CLAIM FOR RELIEF
#### Declaratory Relief – '736 Patent

35. Azul incorporates by reference each and every allegation set forth in paragraphs 1-20 of the Complaint.

36. Azul seeks a declaration that no device made, used, sold, or offered for sale by Azul uses the '736 Patent and/or that it is invalid and/or unenforceable for one or more of the grounds set forth in §§ 102, 103 and 112 of Title 35 of the United States Code.

### NINTH CLAIM FOR RELIEF
#### Declaratory Relief – '990 Patent

37. Azul incorporates by reference each and every allegation set forth in paragraphs 1-20 of the Complaint.

38. Azul seeks a declaration that no device made, used, sold, or offered for sale by Azul uses the '990 Patent and/or that it is invalid and/or unenforceable for one or more of the grounds set forth in §§ 102, 103 and 112 of Title 35 of the United States Code.

### TENTH CLAIM FOR RELIEF
#### Declaratory Relief – '104 Patent

39. Azul incorporates by reference each and every allegation set forth in paragraphs 1-20 of the Complaint.

40. Azul seeks a declaration that no device made, used, sold, or offered for sale by Azul uses the '104 Patent and/or that it is invalid and/or unenforceable for one or more of the grounds set forth in §§ 102, 103 and 112 of Title 35 of the United States Code.

### ELEVENTH CLAIM FOR RELIEF
#### Declaratory Relief – '664 Patent

41. Azul incorporates by reference each and every allegation set forth in paragraphs 1-20 of the Complaint.

42. Azul seeks a declaration that no device made, used, sold, or offered for sale by Azul uses the '664 Patent and/or that it is invalid and/or unenforceable for one or more of the grounds set forth in §§ 102, 103 and 112 of Title 35 of the United States Code.

### TWELFTH CLAIM FOR RELIEF
#### Declaratory Relief – '130 Patent

43. Azul incorporates by reference each and every allegation set forth in paragraphs 1-20 of the Complaint.

44. Azul seeks a declaration that no device made, used, sold, or offered for sale by Azul uses the '664 Patent and/or that it is invalid and/or unenforceable for one or more of the grounds set forth in §§ 102, 103 and 112 of Title 35 of the United States Code.

### THIRTEENTH CLAIM FOR RELIEF
#### Declaratory Relief – '491 Patent

45. Azul incorporates by reference each and every allegation set forth in paragraphs 1-20 of the Complaint.

46. Azul seeks a declaration that no device made, used, sold, or offered for sale by Azul uses the '491 Patent and/or that it is invalid and/or unenforceable for one or more of the grounds set forth in §§ 102, 103 and 112 of Title 35 of the United States Code.

### FOURTEENTH CLAIM FOR RELIEF
#### Declaratory Relief – '295 Patent

47. Azul incorporates by reference each and every allegation set forth in paragraphs 1-20 of the Complaint.

48. Azul seeks a declaration that no device made, used, sold, or offered for sale by Azul uses the '295 Patent and/or that it is invalid and/or unenforceable for one or more of the grounds set forth in §§ 102, 103 and 112 of Title 35 of the United States Code.

### FIFTEENTH CLAIM FOR RELIEF
#### Declaratory Relief – '693 Patent

49. Azul incorporates by reference each and every allegation set forth in paragraphs 1-20 of the Complaint.

50. Azul seeks a declaration that no device made, used, sold, or offered for sale by Azul uses the '693 Patent and/or that it is invalid and/or unenforceable for one or more of the grounds set forth in §§ 102, 103 and 112 of Title 35 of the United States Code.

### SIXTEENTH CLAIM FOR RELIEF
#### Declaratory Relief – '917 Patent

51. Azul incorporates by reference each and every allegation set forth in paragraphs 1-20 of the Complaint.

52. Azul seeks a declaration that no device made, used, sold, or offered for sale by Azul uses the '917 Patent and/or that it is invalid and/or unenforceable for one or more of the grounds set forth in §§ 102, 103 and 112 of Title 35 of the United States Code.

### SEVENTEENTH CLAIM FOR RELIEF
#### Declaratory Relief – '839 Patent

53. Azul incorporates by reference each and every allegation set forth in paragraphs 1-20 of the Complaint.

54. Azul seeks a declaration that no device made, used, sold, or offered for sale by Azul uses the '839 Patent and/or that it is invalid and/or unenforceable for one or more of the grounds set forth in §§ 102, 103 and 112 of Title 35 of the United States Code.

### EIGHTEENTH CLAIM FOR RELIEF
#### Declaratory Relief – '757 Patent

55. Azul incorporates by reference each and every allegation set forth in paragraphs 1-20 of the Complaint.

56. Azul seeks a declaration that no device made, used, sold, or offered for sale by Azul uses the '757 Patent and/or that it is invalid and/or unenforceable for one or more of the grounds set forth in §§ 102, 103 and 112 of Title 35 of the United States Code.

### NINETEENTH CLAIM FOR RELIEF
#### Declaratory Relief – '065 Patent

57. Azul incorporates by reference each and every allegation set forth in paragraphs 1-20 of the Complaint.

58. Azul seeks a declaration that no device made, used, sold, or offered for sale by Azul uses the '065 Patent and/or that it is invalid and/or unenforceable for one or more of the grounds set forth in §§ 102, 103 and 112 of Title 35 of the United States Code.

### TWENTIETH CLAIM FOR RELIEF
#### Declaratory Relief – '454 Patent

59. Azul incorporates by reference each and every allegation set forth in paragraphs 1-20 of the Complaint.

60. Azul seeks a declaration that no device made, used, sold, or offered for sale by Azul uses the '454 Patent and/or that it is invalid and/or unenforceable for one or more of the grounds set forth in §§ 102, 103 and 112 of Title 35 of the United States Code.

### TWENTY FIRST CLAIM FOR RELIEF
#### Declaratory Relief – Trade Secrets

61. Azul incorporates by reference each and every allegation set forth in paragraphs 1-20 of the Complaint.

62. Azul seeks a declaration that it has not directly or indirectly misappropriated or converted any Sun trade secrets.

### PRAYER FOR RELIEF

Wherefore, Azul prays for relief as follows:

(a) For a declaratory judgment that Azul does not infringe, contributorily infringe or induce infringement of, and has never infringed, contributorily infringed or induced infringement of, any of the claims of any of the Sun Patents;

(b) For a declaratory judgment that each of the Sun Patents is invalid and unenforceable;

(c) For a declaratory judgment of no misappropriation or conversion of any Sun trade secrets

(d) that the Court deem this case to be "exceptional" within the meaning of 35 U.S.C. § 285, entitling Azul to an award of its reasonable attorneys' fees and

expenses in this action; and

(e) that the Court award Azul such other and further relief as the Court may deem just and proper.

DATED: March 14, 2006   HELLER EHRMAN LLP

By _____
PETER E. GRATZINGER

Attorneys for Plaintiff Azul Systems, Inc.

-12-

COMPLAINT

## JURY DEMAND

Azul demands a trial by jury of all claims that are triable by jury.

DATED: March 14, 2006      HELLER EHRMAN LLP

By _____

PETER E. GRATZINGER

Attorneys for Plaintiff Azul Systems, Inc.

Heller Ehrman White & McAuliffe LLP

COMPLAINT FOR DECLARATORY RELIEF