ROBERT T. HASLAM (State Bar No. 71134)
PETER E. GRATZINGER (State Bar No. 228764)
ANUPAM SHARMA (State Bar No. 55609)
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025-3506
Telephone: (650) 324-7000
Facsimile: (650) 324-0638
Robert.Haslam@hellerehrman.com
Peter.Gratzinger@hellerehrman.com
Anupam.Sharma@hellerehrman.com

Attorneys for Plaintiff and Counter-Defendant
AZUL SYSTEMS, INC.

HENRY C. BUNSOW (State Bar No. 60707)
BENJAMIN K. RILEY (State Bar No. 112007)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105-2708
Telephone: (415) 848-4900
Facsimile: (415) 848-4999
BunsowH@howrey.com
RileyB@howrey.com

Attorneys for Defendant and Counter-Claimant
SUN MICROSYSTEMS, INC.
*Additional counsel on next page*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZUL SYSTEMS, INC., | Case No.:  C 06-01988 CRB |
| Plaintiff and Counterclaim Defendant, | **JOINT CASE MANAGEMENT STATEMENT AND ~~PROPOSED~~ ORDER** |
| v. | |
| SUN MICROSYSTEMS, INC., | |
| Defendant and Counterclaim Plaintiff. | |

1  ALAN H. BLANKHEIMER (State Bar No. 218713)
2  JODALE CAROTHERS (State Bar No. 228703)
   HELLER EHRMAN LLP
3  4350 La Jolla Village Drive, 7th Floor
   San Diego, California  92122-1246
4  Telephone:  (858) 450-8400
   Facsimile:  (858) 450-8499
5  Alan.Bankenheimer@hellerehrman.com
6  JoDale.Carothers@hellerehrman.com

7
   Attorneys for Plaintiff and Counter-Defendant
8  AZUL SYSTEMS, INC.

9

10
   THOMAS DUNHAM (*pro hac vice*)
11 NELSON M. KEE (*pro hac vice*)
   HOWREY LLP
12 1299 Pennsylvania Avenue, N.W.
13 Washington, DC 20004
   Telephone: (202) 783-0800
14 Facsimile: (202) 383-6610
15 DunhamT@howrey.com
   KeeN@howrey.com
16

17 Attorneys for Defendant and Counter-Claimant
   SUN MICROSYSTEMS, INC.
18

19

20

21

22

23

24

25

26

27

28

1   The parties to the above-entitled action jointly submit this Case Management Statement and

2   Proposed Order and request the Court to adopt it as its Case Management Order in this

3   case.

**DESCRIPTION OF THE CASE**

**1.  A brief description of the events underlying the action:**

6        Azul Systems, Inc. ("Azul") is a recently-formed, small company located in

7   Mountain View, California.  Azul has developed a server that is optimized to run Java, a

8   programming language originated by Sun.  The Azul computing products at issue in this

9   case provide additional compute capacity to transaction-intensive applications and services

10  as a shared network service.  Because the Azul products operate in a Java environment,

11  Azul obtained a license from Sun that Azul contends allows it to use various software

12  provided by Sun.

13       Sun Microsystems ("Sun") is a technology company headquartered in Santa Clara,

14  California.  Sun was formed twenty-four years ago, and has focused on developing

15  hardware and software to advance computing technology.

16       In early 2005, Sun notified Azul that Sun believed that Azul could obtain substantial

17  benefit from licensing "relevant technology" from Sun's patent portfolio.  Sun's initial

18  letter to Azul mentioned 8 specific patents.  During subsequent discussions, additional Sun

19  patents were identified.  Throughout 2005 and into the first part of 2006, Sun and Azul

20  discussed not only whether a patent license was necessary, but also Sun's contention that

21  Azul misappropriated various Sun trade secrets, as well as Azul's belief that it had not

22  misappropriated any Sun trade secrets.

23       Following almost a year of unsuccessful discussions, Azul filed this action seeking

24  declaratory relief that it does not infringe any valid claim of 20 patents owned by Sun (the

25  "Declaratory Judgment patents") and that it did not use or misappropriate any Sun trade

26  secrets.  In answering Azul's declaratory complaint, Sun counterclaimed for infringement

27  of 6 patents owned by Sun, and also presented its allegations of trade secret

28  misappropriation by Azul.  Five of the six patents that Sun counterclaimed for infringement

1  on were raised during the year-long discussions between the parties, and one is newly

2  raised.

3      Azul believes that in addition to defenses of non-infringement and invalidity, it also

4  has a license to one or more of the patents by virtue of its license agreement with Sun.

5  Azul also believes that it has not misappropriated any Sun trade secrets.  Sun believes that

6  Azul is infringing at least the 6 patents asserted in Sun's counterclaims (collectively, the

7  "Counterclaim patents"), and that Azul has misappropriated Sun's trade secrets.  Sun has

8  also denied that the court has declaratory judgment jurisdiction with respect to the 15

9  Declaratory Judgment patents for which Sun has not filed infringement counterclaims.

10      **2.   The principal factual issues which the parties dispute:**

11      **(a)      The principal factual issues in dispute relating to Sun's Counterclaim**

12  **patent claims are:**

13      1.      Whether the accused Azul products infringe any claim(s) of the Counterclaim

14  patents.

15      2.      Whether any asserted claims are invalid under sections 102, 103 or 112 of the

16  Patent Act.

17      3.      Whether Azul is licensed with respect to one or more of the patents.

18      4.      Whether any infringement of any valid claim was willful.

19      5.      Whether Sun is entitled to damages and/or injunctive relief, should Sun prove

20  that Azul is infringing.

21      **(b)      The principal factual issues in dispute relating to the remaining 15 of**

22  **Azul's Declaratory Judgment patent claims are:**

23      1.      Whether the accused Azul products infringe any claim(s) of the 15

24  Declaratory Judgment patents for which Sun did not file infringement counterclaims.

25      2.      Whether any asserted claims are invalid under sections 102, 103 or 112 of the

26  Patent Act.

27      3.      Whether Azul is licensed with respect to one or more of the patents.

28      4.      Whether any infringement of any valid claim was willful.

5.      Whether Sun is entitled to damages and/or injunctive relief, should Sun prove that Azul is infringing.

**(c )    The principal factual issues in dispute relating to Sun's trade secret counterclaims are:**

1.      The identification of the trade secrets that Sun alleges have been misappropriated.

2.      Whether the information Sun asserts as trade secret qualifies as a trade secret.

3.      Whether Azul is licensed to any of the trade secrets.

4.      Whether Azul misappropriated any Sun trade secret(s).

5.      Whether Sun is entitled to damages and/or other relief, should Sun establish that Azul misappropriated its trade secrets.

**3.  The principal legal issues which the parties dispute:**

The parties anticipate that the following legal issues may arise:

1.      The proper construction of the asserted patent claims.

2.      The proper construction and/or applicability of the license agreement between Sun and Azul.

3.      The damages and/or other relief that Sun is entitled to, should Sun prove that Azul willfully infringed the patents-in-suit.

4.      The damages and/or other relief that Sun is entitled to, should Sun prove that Azul misappropriated any Sun trade secret(s).

**4.  The other factual issues [e.g., service of process, personal jurisdiction, subject matter jurisdiction or venue] which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

During the year-long discussions that preceded the filing of this action, Azul contends that Sun raised infringement issues with respect to 20 patents.  In Sun's view, however, the discussions regarding Azul's alleged infringement were limited to 5 patents. In its complaint, Azul sought declaratory relief as to all 20 of the patents on which it believed Sun had threatened to sue.  Sun denies that there is Declaratory Judgment

1    jurisdiction over 15 of the 20 patents.  Moreover, in its counterclaim, Sun asserted

2    affirmative infringement claims for only 5 of the 20 patents that were discussed before the

3    litigation (a 6th patent was raised for the first time in Sun's counterclaim).

4           Because Sun has not asserted claims for infringement of 15 of the 20 Declaratory

5    Judgment patents, and in fact denies that subject matter jurisdiction exists over those 15

6    patents, Azul believes that the interests of the parties and of judicial economy can best be

7    served by dropping those 15 patents from this case.  Sun is willing to entertain Azul's

8    proposal, as long as Sun is permitted ample time to take discovery from Azul of sufficient

9    scope to determine whether any of the 15 patents should be added to Sun's counterclaim.

10   If Sun and Azul cannot reach agreement on this issue, Azul intends to file a motion seeking

11   to amend the complaint to drop the 15 patents from this case.

12      **5.  The parties which have not been served and the reasons:**

13         None known at this time.

14      **6.  The additional parties which the below-specified parties intend to join and the**

15          **intended time frame for such joinder:**

16         None known at this time.

17      **7.  The following parties consent to assignment of this case to a United States**

18          **Magistrate Judge for [court or jury] trial:**

19         The parties do not consent to assignment to a Magistrate Judge for trial.

20                    **ALTERNATIVE DISPUTE RESOLUTION**

21      *8.  [Please indicate the appropriate response(s).]*

22   □ The case was automatically assigned to Nonbinding Arbitration at filing and will be

23   ready for the hearing by (date)_____.

24   □ The parties have filed a Stipulation and Proposed Order Selecting an ADR process

25   (specify process): _____.

26   □ The parties filed a Notice of Need for ADR Phone Conference and the phone conference

27   was held on or is scheduled for _____.

28

---

1  **X** The parties have not filed a Stipulation and Proposed Order Selecting an ADR process

2  and the ADR process that the parties jointly request [or a party separately requests] is:

3  <u>Azul requests that this matter be referred to a mediator at an appropriate time.  Sun is</u>

4  <u>willing to consider ADR after sufficient discovery has occurred.</u>

5      **9.  Please indicate any other information regarding ADR process or deadline.**

6        None.

7                              **DISCLOSURES**

8      **10. The parties certify that they have made the following disclosures [list**

9          **disclosures of persons, documents, damage computations and insurance**

10         **agreements]:**

11 [To be completed after initial disclosures]

12                             **DISCOVERY**

13     **11. The parties agree to the following discovery plan [Describe the plan e.g., any**

14         **limitation on the number, duration or subject matter for various kinds of**

15         **discovery; discovery from experts; deadlines for completing discovery]:**

16       The parties have not reached agreement on a discovery plan.  Proposals from each

17 party are set forth below.

18     **A.    Azul's Proposed Discovery Plan:**

19       Sun is required to serve a pleading that "shall identify the trade secret with

20 reasonable particularity," pursuant to Cal. Code Civ. Proc. § 2019.210.  This list must be

21 served prior to any discovery relating to the trade secrets.  Based on the allegations in the

22 counterclaim, the trade secrets at least in part overlap with the patents in suit.  Accordingly,

23 Sun must file its trade secret identification prior to commencing any discovery.  Azul

24 believes that Sun should file its trade secret list prior to commencing any discovery, or at

25 the same time it files its Patent Local Rule 3-1 Disclosure Of Asserted Claims and

26 Preliminary Infringement Contentions, 10 days after the initial CMC conference, whichever

27 first occurs.

28

1    Because the identification of trade secrets is such an important event in any trade

2  secret case, and because the identification must be with "reasonable particularity," issues

3  surrounding the sufficiency of the identification can sometimes be contentious.  Moreover,

4  Azul believes there is a basic fairness to requiring a trade secret claimant to identify its

5  trade secrets with particularity *before* it is able to study the designs and development of the

6  party it accuses of misappropriation, and thus before requiring discovery of the latter.  In

7  order to prevent any issues relating to identification of trade secrets from delaying

8  discovery, however, Azul believes that the Court should establish an early tentative hearing

9  date and procedure for expeditiously resolving any disputes about the sufficiency of Sun's

10  identification of trade secrets.  Azul hopes that the parties can resolve any disputes without

11  the need for resort to the court, but believes that the availability of an expedited method of

12  resolving disputes will promote the efficient handling of this case.

13    Azul believes that the license issue can be dispositive of several of the Sun patents

14  and, depending on what Sun claims as its trade secrets, some of the trade secret claims as

15  well, and, therefore, contemplates bringing an early motion for summary judgment after

16  some discovery related to the license issues.  The issue is straightforward in Azul's view,

17  because if there were any infringement of the relevant patents, it would result from the use

18  of Sun software and/or functionality that Sun provides Azul under license, with the license

19  grant including (to the extent of such use) all Sun patents and trade secret or confidential

20  information.  In Azul's view, the license issue does not involve claims construction, so

21  resolving this issue early may avoid the need for Markman proceedings as to these patents.

22    As provided for in Patent L.R. 1-2 and 2-1, Azul also proposes that the claim

23  construction process be modified for this case.

24    First, there are at least two patents that Azul suggests be construed in the

25  context of motions for summary judgment.  For example, the '065 patent is directed to

26  processing on host and peripheral devices.  Azul believes that an issue will be the

27  construction of "peripheral devices," which in Azul's view the patent consistently describes

28  as things like printers, scanners, sound devices, imaging devices and the like.  Azul

1    believes that Sun is attempting to read this patent on a computer, not a peripheral device.

2    Likewise, in Azul's view, the '491 patent is directed to providing direct communication

3    paths among a plurality of processing chips using fabric chips.  Azul does not use fabric

4    chips or redundant communication paths.  The Court should establish a time for hearing

5    such motions early in the case and the parties can then direct their efforts to taking

6    appropriate discovery and any meet and confer on construction of the one or few terms

7    necessary to resolve any such motion.

8           Second, as noted above, Azul believes it is licensed to several of the patents.

9    This issue should be set for a relatively early resolution, so that if the motion is granted, the

10   parties and the Court need not engage in any unnecessary Markman proceedings or filings.

11          **B.      Sun's Proposed Discovery Plan:**

12          Sun believes that the Counterclaim patent claims and Sun's claims for trade secret

13   misappropriation are distinct claims which can, and should, proceed in parallel.

14          1.      Patent Counterclaims and Declaratory Judgment patents.

15          As to Sun's patent counterclaims, Sun believes that the standard process and

16   timelines set forth in this Court's Patent Local Rules adequately protect the parties' rights

17   and interests in this case and should govern.  Following service of its Disclosure of

18   Asserted Claims and Preliminary Infringement Contentions, Sun is entitled to discovery

19   concerning Azul's products.  This discovery will permit Sun to focus its infringement case

20   against Azul, and will identify and sharpen the issues that will need to be addressed in the

21   claim construction hearing.  Sun is greatly concerned that the proposal set forth by Azul

22   herein will prevent Sun from taking discovery on its patent-related claims, because Azul

23   has proposed that Sun be precluded from taking any discovery until after Azul is satisfied

24   with Sun's disclosure of trade secrets.

25          Sun also believes that receipt of Azul's Preliminary Invalidity Contentions, as

26   required by the Patent Local Rules, will further serve to streamline the case and the issues

27   for claim construction.  As contemplated in the Patent Local Rules, after receiving Azul's

28   Preliminary Invalidity Contentions, Sun believes that the parties will both be positioned to

1   identify disputes surrounding claim construction and to prepare a Joint Claim Construction

2   and Prehearing Statement.  As explained above, Sun is seriously concerned that Azul's

3   proposed discovery plan will serve only to complicate matters by preventing the parties

4   from exchanging discovery and patent-related infringement and invalidity contentions prior

5   to addressing claim construction issues.

6          After exchanging the discovery and disclosures contemplated in the Patent Local

7   Rules and after the Court issues a claim construction order, Sun believes that the parties

8   will be best positioned to prepare expert reports and to pursue associated expert discovery.

9   Under Sun's proposal, the experts will have the benefit of the Court's claim construction

10  ruling, which will focus the issues and limit discovery as appropriate.

11         As to the 15 Declaratory Judgment patents that Azul put at issue in the complaint for

12  which Sun has not filed infringement counterclaims, Sun is amenable to allowing Azul to

13  drop the patents from the present action without prejudicial effect such that Sun may re-

14  introduce any of those patents in this case (subject to the traditional rules for amending

15  pleadings to add patents).  Sun's willingness to allow Azul to amend the complaint to drop

16  these patents is conditioned on Azul's agreement to provide Sun with sufficient discovery

17  and time to determine whether to add any of those patents to Sun's existing counterclaim.

18  Should Azul not agree to Sun's proposal, Azul should be required to comply with the

19  disclosure obligations set forth in Patent Local Rule 3-5(a).

20         Finally, as to Azul's alleged "license" defense, Sun notes that the license at issue is

21  limited to particular Sun software – not to hardware or systems.  To the extent that Azul

22  seeks to read the license more broadly to encompass other technology areas, Sun believes

23  that the Court's anticipated ruling on claim construction as well as other factual discovery

24  will bear heavily on the alleged applicability of that license to the instant dispute.  As such,

25  Sun believes that any motion for summary judgment on that issue will need to be

26  sequenced accordingly, and should occur after the parties' have taken fact discovery and

27  the Court has construed the terms of the asserted claims.

28

1          2.       Sun's Counterclaims of Trade Secret Misappropriation.

2          As to Sun's trade secret counterclaims, Sun believes that after Sun serves its

3  disclosure of trade secrets, Azul should be required to promptly respond to Sun's discovery

4  regarding trade secret issues.  As with its patent infringement counterclaim, Sun believes

5  that the Court's well-established process and procedure for litigating trade secret claims in

6  California should govern.  A number of Azul's employees (including Azul's CEO, Stephen

7  DeWitt) are former Sun employees.  Sun is entitled to discover the extent to which these

8  former Sun employees misappropriated Sun's trade secrets.

9          Azul's proposed discovery plan strongly suggests that Azul seeks to have an

10  extensive "mini-litigation" concerning Sun's identification of trade secrets.  Such mini-

11  trials are not appropriate at the trade secret identification stage of the case.  However, Sun

12  agrees that, should the parties not agree on the required level of particularity of the Section

13  2019.210 trade secret identification, then this issue should be promptly determined by the

14  Court, as set forth in Sun's proposed schedule below.

15          3.       Realignment of Parties.

16          Sun will move at the appropriate time to realign the parties so that Sun, as the patent

17  owner, will be in the position of the plaintiff for the purposes of trial.  *See, e.g.*, *Plumtree*

18  *Software v. Datamize*, 2003 U.S. Dist. LEXIS 26948 at *11 (N.D. Cal.) (finding the party

19  asserting infringement to be the appropriate plaintiff and realigning the parties

20  accordingly).

21      **METHODS OF DISCOVERY:**

22      **A.      Depositions.**

23          Each party is limited to 150 hours not including 30(b)(6) witnesses. Each party is

24  limited to 60 hours for 30(b)(6) witnesses. No one witness may be deposed for more than

25  14 hours.

26      **B.  Interrogatories.**

27          Each party should be permitted to serve no more than 75 interrogatories on the other

28  party.

---

**C.     Requests for Production.**

Each party is permitted to serve no more than 115 requests for production on the other party.

**D.     The parties agree that they shall supplement their initial disclosures at 4 month intervals and sixty (60) days prior to the close of fact discovery.**

## TRIAL SCHEDULE

**12. The parties request a trial date as follows:**

| Milestone | Deadline |
| --- | --- |
| Initial Disclosures | August 14, 2006 |
| Disclosure of Asserted Claims and Preliminary Infringement Contentions | August 18, 2006 |
| 2019.210 Identification of Trade Secrets | August 18, 2006 |
| Preliminary Invalidity Contentions (6 Counterclaim patents) | September 28, 2006 |
| Last Day to amend counterclaims to assert any of the 15 DJ patents in this lawsuit | 30 days after Azul delivers to Howrey its commented source code in searchable form (under an appropriate protective order), architectural documentation (at processor, chip and system level), and algorithms and flow charts showing hardware and software operation.  The parties agree to negotiate in good faith Sun's need for additional documents after review of the foregoing information. |
| Exchange of proposed terms and claim elements for construction | October 9, 2006 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Milestone | Deadline |
|---|---|
| (Subject to the Court's schedule) hearing on sufficiency of trade secret identification | September 28, 2006 |
| Exchange of proposed preliminary claim constructions and preliminary identification of extrinsic evidence | October 30, 2006 |
| Joint Claim Construction and Prehearing Statement | November 22, 2006 |
| Completion of Claim Construction Discovery | December 22, 2006 |
| Opening Claim Construction Briefs | January 10, 2006 |
| Responsive Claim Construction Brief | January 26, 2006 |
| Reply Claim Construction Brief | February 2, 2007 |
| Claim Construction Hearing (Subject to the Court's Schedule) | February 2007 |
| Disclosure of Experts | April 13, 2007 |
| Disclosure of Willfulness Opinion and related materials | 50 days after Claim Construction Ruling per ND Cal. Local Rule 3-8 |
| Disclosure of Rebuttal Experts | May 4, 2007 |
| Fact Discovery Cut-Off | June 1, 2007 |
| Expert Reports (Burden of Proof) and Patent Law experts | June 15, 2007 |
| Rebuttal Expert Reports | July 13, 2007 |
| Completion of Expert Depositions | August 3, 2007 |
| Last Day to File Dispositive Motions | August 24, 2007 |
| Hearing on Dispositive Motions (Subject to the Court's schedule) | September 28, 2007 |

| Milestone | Deadline |
| --- | --- |
| Trial (Subject to the Court's Schedule) | December 2007 |

**12. The parties expect that the trial will last for the following number of days:**

It is too early to determine the length of trial.

DATED:  August 31, 2006                    HELLER EHRMAN LLP


By:    /s/ Alan H. Blankenheimer
ALAN H. BLANKENHEIMER
Attorneys for Plaintiff and Counter-Defendant
Azul Systems, Inc.


DATED:  August 31, 2006                    HOWREY LLP


By:    /s/ Henry C. Bunsow
HENRY C. BUNSOW
Attorneys for Defendant and Counter-Claimant
Sun Microsystems, Inc.


## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as

the Case Management Order for the case and the parties are ordered to comply with this

Order.  In addition the Court orders:


*[The Court may wish to make additional orders, such as:*
*a.  Referral of the parties to court or private ADR process;*
*b.  Schedule a further Case Management Conference;*
*c.  Schedule the time and content of supplemental disclosures;*
*d.  Specially set motions;*
*e.  Impose limitations on disclosure or discovery;*
*f.  Set time for disclosure of identity, background and opinions of experts;*
*g. Set deadlines for completing fact and expert discovery;*
*h.  Set time for parties to meet and confer regarding pretrial submissions;*
*I.  Set deadline for hearing motions directed to the merits of the case;*

1    *j.  Set deadline for submission of pretrial material;*
2    *k.  Set date and time for pretrial conference;*
     *l.  Set a date and time for trial.]*
3

4    DATED:  <u>September 7, 2006</u>
5

6     _____
     CHARLES R. BREYER
7    UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28