Robert T. Haslam (State Bar No. 71134)
Peter E. Gratzinger (State Bar No. 228764)
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025-3506
Telephone:  (650) 324-7000
Facsimile:  (650) 324-0638
Robert.Haslam@hellerehrman.com
Peter.Gratzinger@hellerehrman.com

Attorneys for Plaintiff and Counterclaim Defendant
AZUL SYSTEMS, INC.

Henry C. Bunsow (State Bar No. 60707)
Benjamin K. Riley (State Bar No. 112007)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA  94105-2708
Telephone:  (415) 848-4900
Facsimile:  (415) 848-4999
BunsowH@Howrey.com
RileyB@Howrey.com

Attorneys for Defendant and Counterclaim Plaintiff
SUN MICROSYSTEMS, INC.

*Additional counsel on next page*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| AZUL SYSTEMS, INC.,<br><br>　　　　Plaintiff and Counterclaim Defendant,<br><br>　　v.<br><br>SUN MICROSYSTEMS, INC.,<br><br>　　　　Defendant and Counterclaim Plaintiff. | Case No. C 06-01988 CRB<br><br>**JURY TRIAL DEMANDED** |

[~~PROPOSED~~]
**STIPULATED PROTECTIVE ORDER**

1  Alan H. Blankenheimer (State Bar No. 218713)
   HELLER EHRMAN LLP
2  4350 La Jolla Village Drive, Suite 700
3  San Diego, CA  92122-1246
   Telephone:  (858) 450-8400
4  Facsimile:   ((858) 450-8499
   Alan.Blankenheimer@hellerehrman.com
5

6  Attorneys for Plaintiff and Counterclaim Defendant
   AZUL SYSTEMS, INC.
7

8

9  Thomas M. Dunham (*pro hac vice*)
   Nelson M. Kee (*pro hac vice*)
10 HOWREY LLP
   1299 Pennsylvania Ave, N.W.
11 Washington, DC 20004
12 Telephone: (202) 783-0800
   Facsimile:  (202) 383-6610
13 DunhamT@Howrey.com
   KeeN@Howrey.com
14

15 Attorneys for Defendant and Counterclaim Plaintiff
   SUN MICROSYSTEMS, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28                                                           STIPULATED PROTECTIVE ORDER
                                                             Case No. C 06-01988 CRB

It is stipulated and agreed by and between counsel for Sun Microsystems, Inc. ("Sun") and Azul Systems, Inc. ("Azul") that the terms and conditions of this Protective Order shall govern the handling of documents, depositions, pleadings, exhibits and all other information exchanged by the parties in this Action, or provided by or obtained from non-parties in this Action.

**SCOPE**

1. This Protective Order shall apply to all documents, depositions, pleadings, exhibits and all other material or information subject to discovery in this Action, including responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, trial exhibits, matters in evidence and any other information used or disclosed at trial, hereafter furnished, directly or indirectly, by or on behalf of any party, non-party or witness in connection with this Action ("Discovery Material").

2. As used herein, "Producing Party" shall refer to any party to this Action and to any non-party who gives testimony or produces documents or other information, and "Receiving Party" shall refer to any individual who receives, is shown, or is exposed to material or information pursuant to this Protective Order.

**DESIGNATION**

3. Any Producing Party may designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with this Protective Order. The burden of establishing that Discovery Material is CONFIDENTIAL or HIGHLY CONFIDENTIAL as defined herein shall be on the Producing Party. The designation of any Discovery Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.

4. Discovery Material falling into one or more of the following categories may be designated as CONFIDENTIAL: (i) proprietary research, development and/or technical information that is not publicly available and that is not expressly contained in public information; (ii) unpublished patent applications and patent prosecution documents that are not available upon request from the U.S. Patent and Trademark Office or any other patent office; and (iii) sensitive financial, business or commercial information that is not publicly available and that is not expressly contained in public information.

5. Discovery Material that is CONFIDENTIAL may be designated as HIGHLY CONFIDENTIAL when it is highly proprietary or highly sensitive and disclosure could harm the competitive interests of the producing party.

6. The Producing Party may designate documents or other tangible Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL by placing one of the following legends or a similar legend on the document or thing: CONFIDENTIAL – Civil Action No. C 06-01988 (CRB) or HIGHLY CONFIDENTIAL – Civil Action No. C 06-01988 (CRB); provided, however, that in the event that original documents are produced for inspection, the Producing Party shall place the appropriate legend on the documents in the copying process. Where particular Discovery Material contains both CONFIDENTIAL or HIGHLY CONFIDENTIAL and non-confidential information, only the CONFIDENTIAL or HIGHLY CONFIDENTIAL information is subject to the limitations on disclosure set forth in this Protective Order.

7. Any party or non-party may designate discovery requests or responses (and the information contained therein) as CONFIDENTIAL or HIGHLY CONFIDENTIAL by placing one of the following legends on the face of any such document:

> "Contains CONFIDENTIAL information. Designated parts not to be used, copied or disclosed except as authorized by Court Order or the party or parties whose CONFIDENTIAL information is included." or

1    "Contains HIGHLY CONFIDENTIAL information. Designated parts not to be used,
2    copied or disclosed except as authorized by Court Order or the party or parties whose
3    HIGHLY CONFIDENTIAL information is included."

4 In the case of discovery requests or responses, a statement may also be included within the
5 document specifying the portion(s) thereof designated as CONFIDENTIAL or HIGHLY
6 CONFIDENTIAL.

7       8.    Any party or non-party may designate depositions and other testimony (including
8 exhibits) as CONFIDENTIAL or HIGHLY CONFIDENTIAL by indicating on the record at the
9 time the testimony is given that the entire testimony or portions thereof shall be designated as
10 CONFIDENTIAL or HIGHLY CONFIDENTIAL. One of the following legends shall be placed
11 on the front of any deposition transcript (and, if videotaped, any copies of the videotape)
12 containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information:

13    "Contains CONFIDENTIAL information. Designated parts not to be used, copied or
14    disclosed except as authorized by Court Order or the party or parties whose
15    CONFIDENTIAL information is included." or
16    "Contains HIGHLY CONFIDENTIAL information. Designated parts not to be used,
17    copied or disclosed except as authorized by Court Order or the party or parties whose
18    HIGHLY CONFIDENTIAL information is included."

19       9.    Without written permission from the Producing Party or a court order secured
20 after appropriate notice to all interested persons, a Party may not file in the public record in this
21 action any CONFIDENTIAL or HIGHLY CONFIDENTIAL material. A Party that seeks to file
22 under seal any CONFIDENTIAL or HIGHLY CONFIDENTIAL material must comply with
23 Civil Local Rule 79-5.

**USE**

26       10.   Discovery Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL
27 shall be used only in preparation for and trial of this Action or any appeal therefrom, and cannot

1  be used for any other purpose including, but not limited to, any other litigation, arbitration or

2  claim. Nothing in this Protective Order shall preclude a Producing Party from using or

3  disseminating its own CONFIDENTIAL or HIGHLY CONFIDENTIAL material.

4        11.    All material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be

5  protected from disclosure as specified herein, unless a party obtains an Order of the Court

6  declaring that all or certain portions of such Discovery Material are not, in fact, protected.

7        12.    Third parties may (i) designate deposition transcripts of their witnesses and any

8  documents or information they produce, whether voluntarily or by subpoena, CONFIDENTIAL

9  or HIGHLY CONFIDENTIAL to the same extent and in the same manner as parties to this

10 Action and any such materials and information shall be treated by the parties to this Action in the

11 same manner as materials and information so designated by a party, and (ii) intervene in this

12 Action to enforce the provisions of this Protective Order as if they were a party.

13

14                         **DISCLOSURE**

15       13.    Unless otherwise directed by the Court or authorized in writing by the Producing

16 Party, no person involved in Patent Prosecution, including without limitation the inventor(s) of

17 any pending or issued patent or patent application described in this Paragraph 13, shall be

18 provided access to any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material of

19 the other party or to any information directly derived from CONFIDENTIAL or HIGHLY

20 CONFIDENTIAL Discovery Material of the other party and shall be excluded from Paragraphs

21 14 and 15 below. In addition, any person who has been provided access to any CONFIDENTIAL

22 or HIGHLY CONFIDENTIAL Discovery Material of the other party or to any information

23 directly derived from CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material of

24 the other party shall not thereafter (for a period of one year after the conclusion of this Action)

25 participate in Patent Prosecution. For purposes of this Protective Order, Patent Prosecution shall

26 be defined as preparing, drafting, reviewing, filing, responding to office actions for, signing oaths

27 or declarations for, or prosecuting patent applications or patents, with respect to any patent

28

1 claiming (in whole or in part) the subject matter of: (a) the patents asserted in this Action; and (b)
2 any patents or patent applications that are related to the patents asserted in this Action (e.g.,
3 parents, grand-parents, continuations, continuations-in-part, divisionals, foreign counterparts,
4 reissues, or re-examinations).

5    14. Unless otherwise directed by the Court or authorized in writing by the Producing
6 Party, Discovery Material designated as CONFIDENTIAL may be disclosed by the Receiving
7 Party only to the following persons:

8    (a) any "outside" attorney of record in this Action (including attorneys
9 employed by firms of record but not otherwise identified specifically on pleadings);

10    (b) up to six in-house attorneys representing a party to this Action;

11    (c) support personnel for attorneys listed in sub-paragraphs (a) and (b) above,
12 including law clerks, analysts, paralegals, secretaries, and staff employed by any attorney
13 identified in sub-paragraphs (a) or (b) and assisting in connection with this Action;

14    (d) up to three employees of a party to this Action who have been identified to
15 the Producing Party and who have a need to know such CONFIDENTIAL information because
16 they may influence decisions of the party concerning the Action;

17    (e) any outside expert or consultant who is expressly retained or sought to be
18 retained by any attorney described in sub-paragraphs (a) or (b) to assist in the preparation of this
19 Action for trial, with disclosure only to the extent necessary to perform such work;

20    (f) no more than ten officers of Director or higher level of each Receiving
21 Party, provided that they receive only derived summaries of CONFIDENTIAL Discovery
22 Material for the sole and exclusive purpose of evaluating litigation strategy;

23    (g) any interpreter, or court or other shorthand reporter or typist translating,
24 recording or transcribing testimony;

25    (h) service contractors (such as document copy services), jury consultants and
26 graphic artists;

27
28

1    (i)    any person who authored and/or was an identified original recipient of the particular CONFIDENTIAL material sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular CONFIDENTIAL material sought to be disclosed;

(j)    personnel of the Court and all appropriate courts of appellate jurisdiction; and

(k)    any other person agreed to by the Producing Party in writing. CONFIDENTIAL material shall not be disclosed to persons described in paragraphs 14(d), (e) or (k) unless and until such person has executed the affidavit in the form attached as Exhibit A. CONFIDENTIAL material shall not be disclosed to any person unless such person is authorized to receive CONFIDENTIAL material pursuant to Paragraphs 13 and 14 of this Protective Order.

15.    Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as HIGHLY CONFIDENTIAL may be disclosed by the Receiving Party only to the following persons:

(a)    any "outside" attorney of record in this Action (including attorneys employed by firms of record but not otherwise identified specifically on pleadings);

(b)    support personnel for attorneys listed in sub-paragraph (a) above, including law clerks, analysts, paralegals, secretaries, and staff employed by any attorney identified in sub-paragraph (a) and assisting in connection with this Action;

(c)    any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in sub-paragraph (a) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work;

(d)    no more than ten officers of Director or higher level of each Receiving Party, provided that they receive only derived summaries of HIGHLY CONFIDENTIAL Discovery Material for the sole and exclusive purpose of evaluating litigation strategy;

(e)    any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony;

(f) service contractors (such as document copy services), jury consultants and graphic artists;

(g) any person who authored and/or was an identified original recipient of the particular HIGHLY CONFIDENTIAL material sought to be disclosed to that person, or any deponent when the examining attorney has a good faith basis to believe the deponent is aware of the particular HIGHLY CONFIDENTIAL material sought to be disclosed;

(h) personnel of the Court and all appropriate courts of appellate jurisdiction; and

(i) any other person agreed to by the Producing Party in writing.

HIGHLY CONFIDENTIAL material shall not be disclosed to persons described in paragraphs 15(c) or (i) unless and until such person has executed the affidavit in the form attached as Exhibit A. HIGHLY CONFIDENTIAL material shall not be disclosed to any person unless such person is authorized to receive HIGHLY CONFIDENTIAL material pursuant to Paragraphs 13 and 15 of this Protective Order.

16. At least seven (7) days before the disclosure of any CONFIDENTIAL or HIGHLY CONFIDENTIAL material of the Producing Party is made to an individual described above in Paragraph 14, sub-paragraphs (e) or (k) or Paragraph 15, sub-paragraphs (c) or (i), an attorney for the Receiving Party shall serve a Notice on the Producing Party identifying said individual by name and including a curriculum vitae or equivalent resume setting forth such person's present residence and business address(es), current employer and job title, any company or companies by which that individual was employed during the past five (5) years, and a list of all consulting agreements or arrangements that said individual may have entered into during the past five (5) years. The list should disclose the name and address of each such entity for which consulting work is being, or has been, performed, and the subject matter of that consulting work. If disclosure of either the identity of the entity for which the work is being performed or the subject matter of that work, or both, is deemed proprietary by the Receiving Party, then the fact that certain information is being withheld on the basis that it is proprietary shall be disclosed by

the Receiving Party, and any such information that is not deemed proprietary shall be disclosed. Such notice shall be accompanied by an executed acknowledgement from the individual to whom the disclosure is to be made, in the form of Exhibit A attached hereto. In the event that said individual enters into any subsequent consulting agreements or arrangements, the Receiving Party shall promptly notify the Producing Party of such agreements or arrangements. The Producing Party shall state any objections to the proposed disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL information to any individual described in Paragraph 14, sub-paragraphs (e) or (k) or Paragraph 15, sub-paragraphs (c) or (i), and state the reasons therefore in writing to the Receiving Party within seven (7) days of receipt of the Notice. Upon the making of any such objection(s), the Producing Party shall have ten (10) days (or any additional time which may be granted by the Court or agreed to by stipulation of the parties) from sending its objection(s) in which to challenge, by filing an expedited motion, the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL information. Unless the Producing Party objects to the disclosure and files an expedited motion in accordance with the Notice and timing provisions of this Paragraph 16 and Paragraph 30, the Producing Party waives its right to challenge the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL information to the identified individual(s), and the individual identified in the Notice shall be considered a qualified recipient of CONFIDENTIAL or HIGHLY CONFIDENTIAL material under the terms of this Protective Order. Should the Producing Party properly object and file its expedited motion, CONFIDENTIAL or HIGHLY CONFIDENTIAL material will not be disclosed pending resolution of the expedited motion.

17. The recipient of any CONFIDENTIAL or HIGHLY CONFIDENTIAL material that is provided under this Protective Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

**EXEMPTED MATERIALS**

18. None of the provisions of this Protective Order shall apply to the following categories of documents and information, and any party may seek to remove the restrictions set forth herein on the ground that information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL has/had been:

 (a) available to the public at the time of its production hereunder;

 (b) available to the public after the time of its production through no act, or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

 (c) known to such Receiving Party, or shown to have been independently developed by such Receiving Party, prior to its production herein without use or benefit of the information;

 (d) obtained outside of this Action by such Receiving Party from the Producing Party without having been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL; provided, however, that this provision does not negate any pre-existing obligation of confidentiality;

 (e) obtained by such Receiving Party after the time of disclosure hereunder from a third party having the right to disclose the same; or

 (f) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or any third party without an obligation of confidentiality.

The Receiving Party shall have the burden of proof to remove the restrictions set forth herein based on grounds (a)-(f).

19. None of the provisions of this Protective Order shall apply to the following categories of documents and information, and any party may seek to remove the restrictions set forth herein on the ground that:

 (a) information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL does not fall within the definition of "CONFIDENTIAL" set forth in Paragraph 4 above or "HIGHLY CONFIDENTIAL" set forth in Paragraph 5 above.

1  The Producing Party shall have the burden of proof of establishing that Discovery Material

2  challenged under this Paragraph 19 constitutes CONFIDENTIAL or HIGHLY CONFIDENTIAL

3  Discovery Material as defined in Paragraph 4 or 5.

4

5  **INADVERTENT PRODUCTION/DESIGNATION**

6  20.  The inadvertent production of documents subject to the attorney-client privilege

7  or the attorney work-product doctrine will not waive the attorney-client privilege or the attorney

8  work-product doctrine. In addition, the fact that a document was inadvertently produced shall

9  not be used in any manner as evidence in support of any such alleged waiver. Upon a request

10 from a party that has inadvertently produced any document which it believes may be subject to

11 the attorney-client privilege or attorney work-product doctrine, each party receiving said

12 document shall return it and all copies within three (3) business days to the Producing Party.

13 Nothing herein shall prevent the Receiving Party from preparing a record for its own use

14 containing the date, author, address(es), and topic of the document and such other information as

15 is reasonably necessary to identify the document and describe its nature to the Court in any

16 motion to compel production of the document. Such a record of the identity and nature of a

17 document may not be used for any purpose other than preparation of a motion to compel in this

18 Action. After the return of the document(s), the Receiving Party may challenge the Producing

19 Party's claim(s) of privilege or work-product by making a motion to the Court.

20 21.  The inadvertent failure by a party to designate Discovery Material as

21 CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not be a waiver of such designation

22 provided that the party who fails to make such designation informs the Receiving Party that such

23 Discovery Material is CONFIDENTIAL or HIGHLY CONFIDENTIAL within seven (7) days

24 from when the failure to designate first became known to the Producing Party. The party

25 receiving Discovery Material that the Producing Party inadvertently failed to designate as

26 CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not be in breach of this Order for any use

27 made of such Discovery Material before the Receiving Party is informed of the inadvertent

28

failure to designate. Once the Receiving Party has been informed of the inadvertent failure to designate pursuant to this Paragraph 21, the Receiving Party shall take reasonable steps to, at the Producing Party's option, either ensure that all copies of any such Discovery Materials are returned promptly to the Producing Party or ensure that all copies of any such Discovery Materials are marked with the proper designation and distributed only as permitted under Paragraphs 13 through 16 of this Protective Order. If data or information has been extracted from any Discovery Materials that are subsequently re-designated pursuant to this Paragraph 21, to the extent possible, the information and/or data will be expunged and not used.

22. In the event of disclosure of Discovery Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL to any person not authorized to such access under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the party whose Discovery Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The party responsible for improperly disclosing such Discovery Material shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

## USE IN COURTROOM PROCEEDINGS

23. In the event that any CONFIDENTIAL or HIGHLY CONFIDENTIAL material is to be used in any court proceeding, the Producing Party may seek an appropriate protective order from the Court before its introduction, and in any event, it shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

**OBJECTION TO DESIGNATIONS**

24. Any party may object to the designation by the Producing Party of any material as CONFIDENTIAL or HIGHLY CONFIDENTIAL. The process for making such an objection and for resolving the dispute shall be as follows:

    a. The objecting party shall notify the Producing Party in writing as to its objection(s) to the designations. This notice shall include, at a minimum, a specific identification of the designated material objected to as well as the reason(s) for the objection.

    b. The objecting party shall thereafter have the burden of conferring either in person or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.

    c. Failing agreement, the objecting party may bring a noticed motion to the Court for a ruling that the Discovery Material sought to be protected is not entitled to such designation. The Producing Party bears the burden to establish that the Discovery Material is CONFIDENTIAL or HIGHLY CONFIDENTIAL and entitled to such protection under this Protective Order.

Notwithstanding any such challenge to the designation of material as CONFIDENTIAL or HIGHLY CONFIDENTIAL, all such material so designated shall be treated as such and shall be subject to the provisions of this Protective Order until one of the following occurs: (a) the party who designated the material as CONFIDENTIAL or HIGHLY CONFIDENTIAL withdraws such designation in writing, or (b) the Court rules that the designation is not proper and that the designation be removed.

**RETURN/DESTRUCTION OF MATERIALS**

25. Not later than thirty (30) days after the Termination of this Action (defined below), all CONFIDENTIAL or HIGHLY CONFIDENTIAL material, including all copies and derivative works thereof, shall be returned to the Producing Party or, with advance written

consent of the Producing Party, destroyed, except that each parties' outside counsel may maintain one copy of pleadings for archival purposes. The party receiving any CONFIDENTIAL or HIGHLY CONFIDENTIAL material shall certify in writing that all such material, including CONFIDENTIAL or HIGHLY CONFIDENTIAL material disclosed hereunder, has been returned or destroyed.

## MISCELLANEOUS PROVISIONS

26. This stipulated Protective Order is without prejudice to the right of any party to seek further or additional protection of information for which the protection of this order is not believed by such party to be adequate. Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain information may not be discovered at all.

27. The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

28. If at any time CONFIDENTIAL or HIGHLY CONFIDENTIAL material is subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to counsel for every party who has produced such CONFIDENTIAL or HIGHLY CONFIDENTIAL material and shall provide each such party with an opportunity to object to the production of CONFIDENTIAL or HIGHLY CONFIDENTIAL materials. If the Producing Party does not move for a protective order within ten (10) days of the date written notice is given, the party to whom the referenced subpoena is directed may produce, on or after the date set for production in the subpoena but not prior to the end of the ten (10) day notice period, such material in response thereto.

29. Counsel for any party to this Protective Order shall have the right to exclude from depositions, other than the deponent and the reporter, any person who is not authorized under this Protective Order to receive materials or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL. Such right of exclusion shall be applicable only during periods of examination or testimony directed to CONFIDENTIAL or HIGHLY CONFIDENTIAL material.

30. All notices required by any paragraphs of this Protective Order are to be made by facsimile and/or Email to counsel representing the noticed party. The date by which a party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice. Any of the notice requirements herein may be waived in whole or in part, but only in a writing signed by an attorney for the Producing Party. All specified time periods are in calendar days.

31. Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Action and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL or HIGHLY CONFIDENTIAL material produced or exchanged in this Action; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of CONFIDENTIAL or HIGHLY CONFIDENTIAL material produced by any other party or non-party.

32. Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this Action or otherwise that any documents, or any portion thereof, are privileged or otherwise non-discoverable, or are not admissible in evidence in this Action or any other proceeding.

33. All persons receiving CONFIDENTIAL or HIGHLY CONFIDENTIAL materials are enjoined from producing them to any other persons, except in conformance with this Protective Order. Each individual who receives CONFIDENTIAL or HIGHLY CONFIDENTIAL material agrees to subject himself/herself to the jurisdiction of this Court for

1  the purpose of any proceedings relating to the performance under, compliance with or violation
2  of this Protective Order.

3      34.    For purposes of this Protective Order, "Termination of this Action" is defined to
4  mean the exhaustion of all appeals from orders and final judgments in this Action or the
5  settlement of this action by the parties.

6      35.    The parties agree that the terms of this Protective Order shall survive and remain
7  in effect after the Termination of this Action.  The Court shall retain jurisdiction to hear disputes
8  arising out of this Protective Order.

9      36.    Any party may move at any time to modify the terms of this Protective Order.  A
10 party seeking to modify this Protective Order shall request only the minimum modification as is
11 reasonably necessary to address the grounds upon which its motion to modify is based.

12     37.    Any headings used in this Protective Order are for reference purpose only and are
13 not to be used to construe or limit the meaning of any provision.

14     38.    This Protective Order may be executed in any number of counterparts, all of
15 which, upon completed execution thereof by all parties, collectively shall be deemed to constitute
16 one original.

17

18     / /
19     / /
20     / /

STIPULATED PROTECTIVE ORDER
Case No. C 06-01988 CRB

**PLAINTIFF and COUNTERCLAIM DEFENDANT**

Azul Systems, Inc.

By  /s/ Robert T. Haslam
    Robert T. Haslam (State Bar No. 71134)
    Peter E. Gratzinger (State Bar No. 228764)
    Alan H. Blankenheimer (State Bar No. 218713)

    HELLER EHRMAN LLP

**DEFENDANT and COUNTERCLAIM PLAINTIFF**

Sun Microsystems, Inc.

By  /s/ Henry C. Bunsow
    Henry C. Bunsow (State Bar No. 60707)
    Benjamin K. Riley (State Bar No. 112007)
    Thomas M. Dunham (*pro hac vice*)
    Nelson M. Kee (*pro hac vice*)

    HOWREY LLP

**SO ORDERED**, subject to the parties' compliance with Local Rule 79-5. CRB

Dated  September 29   , 2006      _____
                                                     Hon. Charles R. Breyer
                                                    United States District Court Chief Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| AZUL SYSTEMS, INC.,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>SUN MICROSYSTEMS, INC.,<br><br>    Defendant and Counterclaim Plaintiff. | Case No. C 06-01988 CRB<br><br>**JURY TRIAL DEMANDED** |

**AGREEMENT CONCERNING INFORMATION
COVERED BY THE STIPULATED PROTECTIVE ORDER**

I certify that I have read and am fully familiar with the terms of the stipulated Protective Order entered on _____, 2006 in the above-captioned litigation and agree to be bound by its terms. Specifically, I will not disclose or permit the unauthorized viewing or disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL material, as set forth in said stipulated Protective Order, or the information contained therein.

I hereby submit to the jurisdiction of the Court for the purpose of ensuring compliance with this stipulated Protective Order.

_____
Date

_____
Signature

_____
Printed Name

_____
Address