1  Henry C. Bunsow (CSB No. 60707)
   Benjamin K. Riley (CSB No. 112007)
2  HOWREY LLP
   525 Market Street, Suite 3600
3  San Francisco, California  94105
   Telephone:  (415) 848-4900
   Facsimile:   (415) 848-4999
4
   Thomas M. Dunham (*pro hac vice*)
5  Nelson M. Kee (*pro hac vice*)
   HOWREY LLP
6  1299 Pennsylvania Avenue, N.W.
   Washington, DC  20004
7  Telephone:  (202) 783-0800
   Facsimile:   (202) 383-6610
8
   Attorneys for Defendant and Counter-Claimant
9  SUN MICROSYSTEMS, INC.

10                    UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF CALIFORNIA
11                       SAN FRANCISCO DIVISION

12
   AZUL SYSTEMS, INC.,                    ) Case No. C 06-01988 (CRB) [JCS]
13                                         )
              Plaintiff and Counter-Defendant,  ) **SUN'S MOTION FOR LEAVE TO AMEND**
14                                         ) **COUNTERCLAIMS**
                                           )
15      vs.                                )
                                           ) Date:   January 26, 2007
16  SUN MICROSYSTEMS, INC.,                ) Time:   10:00 a.m.
                                           ) Place:  Courtroom 8, 19th Floor
17            Defendant and Counter-Claimant.  ) Judge:  The Honorable Charles R. Breyer
                                           )
18  _____   )
                                           )
19

20

21

22

23

24

25

26

27

28

HOWREY LLP

DM_US\8422689.v2

# TABLE OF CONTENTS

Page(s)

NOTICE OF MOTION..................................................................................1

MEMORANDUM......................................................................................1

I.   INTRODUCTION AND ISSUES TO BE DECIDED.................................1

II.   PROCEDURAL BACKGROUND AND FACTS.....................................1

III.   LEGAL STANDARDS..............................................................4

IV.   ARGUMENT........................................................................6

    A.   Leave To Amend Counterclaims Should Be Granted Because Sun Has Complied With The Timeline Set Forth In Case Management Order...................6

    B.   Leave To Amend Counterclaims Should Be Granted Because Sun Has Demonstrated Good Cause For The Amendments..........................................7

        1.   Sun Diligently Assisted The Court In Creating A Workable Rule 16 Order..........................................................7

        2.   Any Noncompliance With The Rule 16 Order Is Due To Events That Could Not Have Been Reasonably Foreseen.................................7

        3.   Sun Has Been Diligent In Bringing This Motion To Amend....................8

    C.   Azul Cannot Establish Any Factors Necessary To Deny Sun's Motion To Amend Its Counterclaims............................................................8

        1.   Azul Cannot Establish That Sun Has Unduly Delayed Or Acted In Bad Faith..........................................................9

        2.   Azul Will Not Be Prejudiced As A Result of the Amendment.................9

        3.   Azul Cannot Show That The Proposed Amendment Is Futile.................10

V.   IMPACT OF PROPOSED AMENDMENT ON THE CURRENT SCHEDULE..............10

VI.   CONCLUSION........................................................................13

HOWREY LLP

i

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Baker v. Pac. Far E. Lines, Inc.*, 451 F.Supp. 84, 89 (N.D. Cal. 1978)...................................6

*Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998)..............................................6

*Conley v. Gibson*, 355 U.S. 41, 48 (1957).............................................................................6

*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).................................5, 9

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).........................4, 5

*Forman v. Davis*, 371 U.S. 178, 193 (1962).....................................................................4, 5, 9

*Hurn v. Ret. Fund Trust of the Plumbing, Heating and Piping Indus. of S. Cal.*,
    648 F.2d 1252, 1254 (9th Cir. 1981)................................................................................6

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607-608 (E.D. Cal. June 16, 1999).....................5, 7

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992)....................4, 5, 7

*Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994)........................................................5, 9

*McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir. 1982)......................................................6

*Miller v. Rykoff-Sexton, Inc.*, 244 F.3d 104, 110 (9th Cir. 1988)..............................................6

*Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989)........................5, 9

*Morongo Bank of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).......................5

*Wyshak v. City Nat. Bank*, 607 F.2d 824 (9th Cir. (Cal.) 1979)................................................5

**STATUTES**

Civil Local Rule 6-3.........................................................................................1, 10

Federal Rule of Civil Procedure 12(b)(6).....................................................................5, 9

Federal Rule of Civil Procedure 15(a)....................................................................1, 4, 5, 8

Federal Rule of Civil Procedure 16(b)................................................................1, 4, 5, 7, 10

1    **NOTICE OF MOTION**

2        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE that

3    on January 26, 2007, at 10:00 a.m., in Courtroom 8 of the above-referenced Court, Defendant and

4    Counterclaim Plaintiff Sun Microsystems, Inc. ("Sun") will and does hereby move, pursuant to Federal

5    Rule of Civil Procedure 15(a) and/or Federal Rule of Civil Procedure16(b) and Civil Local Rule 6-3,

6    for an order authorizing Sun to amend its Answer and Counterclaims to add counts for infringement of

7    three additional patents.

8        Sun bases this motion on the following Memorandum, the supporting declaration of

9    Christopher J. Cuneo and attached exhibits, all pleadings on file in this case, and such argument as may

10   be heard by this Court.

11   **MEMORANDUM**

12   **I.    INTRODUCTION AND ISSUES TO BE DECIDED**

13       Sun submits this motion for leave to file its amended answer and counterclaims pursuant to

14   Fed. R. Civ. P. 15(a) and/or Fed. R. Civ. P. 16(b).  In accordance with this Court's September 7, 2006

15   Case Management Order (the "CMO"), Sun has completed its review of the 15 declaratory judgment

16   patents within the deadline set by the Court and seeks to amend its counterclaims to include additional

17   infringement claims for U.S. Patent Nos. 6,408,383; 6,542,990; and 6,892,295 ("the Three Patents").

18   Plaintiff and Counterclaim Defendant Azul Systems, Inc. ("Azul") has refused to stipulate to such an

19   amendment.  Thus, Sun seeks leave to amend from the Court.  The Court should grant the request

20   because (1) Sun properly complied with the schedule set forth in the CMO, (2) Sun has good cause to

21   make the proposed amendment, (3) Sun has moved promptly and in good faith to amend its

22   counterclaims and (4) no prejudice will result to Azul.

23   **II.    PROCEDURAL BACKGROUND AND FACTS**

24       Azul filed its Complaint for Declaratory Judgment against Sun on March 14, 2006.  (Cuneo

25   Decl., Ex. 1 (all Exhibits referred to in this motion are attached to the Cuneo Declaration).)  Azul

26   sought judicial declaration that it did not misappropriate any of Sun's trade secrets, that it did not

27

28

HOWREY LLP

1

DM_US\8422689.v2

1   infringe 20 of Sun's patents, and that the 20 Sun patents were invalid and/or unenforceable.[1]  *Id.*  On

2   May 3, 2006, Sun filed its answer and counterclaims. Ex. 2.  Sun counterclaimed for misappropriation

3   of trade secrets and infringement of six patents.  *Id.*  Five out of Sun's six counterclaim patents were

4   among the 20 patents at issue in Azul's Declaratory Judgment complaint.[2]  The parties negotiated and

5   stipulated to additional time for Sun to determine whether to assert infringement claims for any of the

6   remaining 15 declaratory judgment patents that Azul first put at issue in its Complaint.

7           On September 7, 2006, this Court entered the CMO, setting a milestone for amending Sun's

8   counterclaims (by the parties' stipulation) to assert any of the 15 declaratory judgment patents 30 days

9   after Azul delivered to Sun's counsel all of its "commented source code in searchable form (under an

10  appropriate protective order), architectural documentation (at processor, chip and system level), and

11  algorithms and flow charts showing hardware and software operation." Ex. 1 at 12.  Nothing in the

12  CMO prevents Sun from moving for leave to amend its Answer and Counterclaims.  In a letter dated

13  September 29, 2006, Azul alleged that, as of that date, it had completed its production of source code

14  and documents.  Ex. 3.  Furthermore, Azul asserted that "[p]ursuant to the scheduling order, Sun now

15  has until October 30, 2006 to amend its counterclaims to add any patents that were in Azul's original

16  Complaint for Declaratory Judgment."  *Id.*

17          In a letter dated October 20, 2006, after reviewing over 90,000 source code files and over

18  110,000 pages of documents, Sun notified Azul that it had <u>not</u> supplied a complete set of discovery

19  pursuant to the CMO and that this failure was impacting Sun's ability to evaluate whether to assert any

20  of the 15 declaratory judgment patents. Ex. 4.  Sun's October 20 letter specified (a) that the AVM

21  module, the CPM module and the CPM-API module were all missing from Azul's source code

22  production, (b) that certain documents had been produced in an illegible, and thus unusable, manner,

23  (c) that architectural documents, flow charts and/or algorithms relating to the AVM, AVX, CPM and

24  CPM-API components had not been produced, (d) that architectural documents, flow charts and/or

25  algorithms relating to the user interface for the AVM, CPM and CPM-API modules had not been

26

27

---

28  [1] United States Patent Nos. 6,684,297; 6,701,417; 6,718,457; 6,014,723; 6,408,383; 5,845,298; 5,857,210; 5,953,736; 6,542,990; 5,873,104; 6,862,664; 6,938,130; 6,901,491; 6,892,295; 6,862,693; 6,496,917; 6,718,839; 6,826,757; 6,003,065; and 7,013,454.
[2] United States Patent Nos. 6,862,664; 6,938,130; 6,003,065; 6,901,491; and 7,013,454.

1  produced and (e) that numerous errors were encountered when "unzipping" certain software source

2  code files that Azul had produced.[3]  *See id.*

3       On October 24, 2006, Azul responded (a) that it had produced all of the source code related to

4  the AVM module, (b) that it had not produced the source code related to the CPM software, (c) that

5  illegible documents were produced in the same form as the originals, (d) that Sun had not provided a

6  basis for its belief that Azul had not produced certain documents in Azul's possession and (e) that the

7  errors in opening the zipped files "may relate" to Sun's use of a Windows-based computer and that the

8  files would properly unzip on a Unix- or Linux-based computer.  Ex. 5.  Concurrently, on October 24,

9  Azul produced an additional DVD (Bates marked, AZUL 0117256) containing some CPM and CPM-

10  API source code files.  Ex. 6.

11      On October 27, 2006, Sun provided a detailed letter providing the basis for its contention (a)

12  that the identified source code files were missing, (b) that certain relevant documents in Azul's

13  possession had not been produced and (c) that Azul's failure to produce the identified source code and

14  documents continued to impact Sun's ability to determine whether to add any of the 15 declaratory

15  judgment patents to the suit.  Ex. 7.  On November 3, 2006, Sun provided Azul with a supplemental

16  list of additional architectural documentation that Azul had not, as of that date, produced.  Ex. 8.

17      On November 10, 2006, Azul produced additional release notes and other product

18  documentation "responsive to Sun's requests."  Ex. 9.

19      On November 13, 2006, Azul responded to Sun's October 27 and November 3 letters.  Ex. 10.

20  Azul responded that (a) "that Azul has in good faith provided more than enough such documentation

21  [i.e., the source code, architectural documentation, algorithms, and flow charts showing hardware and

22  software operation], as described in the scheduling order [CMO]," (b) that Azul's copies of the

23  produced DVDs "are correct and functional" and should be opened on a Linux- or Solaris-based

24  computer and (c) that the "recently produced" documents "may resolve some of the concerns in

25  [Sun's] letters."  *Id.*

26      On November 15, 2006, Sun responded to Azul's November 13 letter.  Ex. 11.  Sun responded

27  (a) that it was still unable to access the AVM source code module, (b) that, notwithstanding the

28

---

[3] Some of the source code files were produced in a "zipped" or compressed format, apparently to save space on the production DVD.  These files needed to be "unzipped" to examine the uncompressed source code files.

1   deficiencies in Azul's production, Sun had determined that Azul is infringing claims of at least the

2   Three Patents, and (c) Sun would not be able to complete its investigation or seek to amend its

3   counterclaims until Azul completed its delivery of source code and documentation as required by the

4   CMO. Also, pursuant to the request of Azul, Sun attempted to unzip the source code on a Unix-based

5   computer. Sun's counsel still experienced errors unzipping the files on the Unix-based computer and,

6   on November 15, returned the DVD (Bates marked AZUL 0000001) to Azul with an explanation of

7   the errors encountered. Ex. 12.

8          On November 17, 2006, counsel for Azul sent counsel for Sun, via electronic mail, a software

9   unzip utility program that allegedly could assist in unzipping the software files. Ex. 13. On November

10  21, 2006, after applying the Azul supplied unzip utility Sun was able to access the source code without

11  errors. Ex. 14.

12         After gaining access to the previously inaccessible Azul AVM source code files on November

13  17, Sun promptly completed its infringement analysis and, on December 14, 2006, asked Azul to agree

14  by December 19 to Sun's proposed Amended Answer and Counterclaims. Ex. 15. Sun also included a

15  redlined copy of the proposed Second Amended Answer and Counterclaims. Ex. 16. Azul failed to

16  respond to Sun's December 14, 2006 letter, requesting Azul stipulate to the filing of the amended

17  counterclaims. (Cuneo Decl., ¶ 18.)

18  **III.    LEGAL STANDARDS**

19         Except for amendments made "of course," "a party may amend the party's pleading only by

20  leave of court or by written consent of the adverse party; and *leave shall be freely given when justice*

21  *so requires*." FED. R. CIV. P. 15(a) (emphasis added); *see also Eminence Capital, LLC v. Aspeon, Inc.*,

22  316 F.3d 1048, 1051 (9th Cir. 2003) ("This policy is to be applied with extreme liberality.") (internal

23  quotes removed); *Forman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or

24  circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an

25  opportunity to test his claims on the merits.").

26         Alternatively, when a deadline set by a scheduling order for amending pleadings has passed,

27  Federal Rule of Civil Procedure 16(b) applies to motions to amend the pleadings. *See Johnson v.*

28  *Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Rule 16(b) provides that a

HOWREY LLP

SUN'S MOTION FOR LEAVE TO AMEND COUNTERCLAIMS
Case No. C 06-01988 (CRB) [JCS]

DM_US\8422689.v2

1  "schedule shall not be modified except upon showing of good cause." FED. R. CIV. P. 16(b). "Rule

2  16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment."

3  *Johnson*, 975 F.2d at 609. Additionally, to demonstrate diligence, courts have looked at factors such

4  as the moving party's diligence in assisting the court in creating a workable Rule 16 order,

5  development of matters which could not have been reasonably foreseen or anticipated at the time of the

6  Rule 16 scheduling conference, and the moving party's diligence in seeking amendment of the Rule 16

7  order once it became apparent that the party could not comply with the order. *See Jackson v. Laureate,*

8  *Inc.*, 186 F.R.D. 605, 607-608 (E.D. Cal. June 16, 1999).

9  Once the Rule 16(b) showing of good cause is established, a court may consider the liberal

10  amendment standard set out in rule 15(a). *Jackson*, 186 F.R.D. at 606-07. Under the Rule 15(a)

11  standard, the party opposing the motion to amend must establish that: (1) the moving party unduly

12  delayed in seeking leave to amend; (2) the proposed amendment is prompted by bad faith or dilatory

13  motive; (3) the proposed amendment would result in undue prejudice to the opposing party; and/or (4)

14  the proposed amendment would be "futile" — *i.e.*, insufficient to pass muster under Rule 12(b)(6).

15  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989); *Forman*, 371 U.S. at 182.

16  To establish undue delay and/or bad faith, the opposing party must show that the party seeking to

17  amend was aware of the facts on which the amendment was based at the time of the drafting of the

18  original counterclaims. *See, e.g., Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994).

19  The Ninth Circuit has made clear that absent a showing of prejudice, "there exists a

20  *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v.*

21  *Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Prejudice is the touchstone of the inquiry under

22  rule 15(a)."); *see also Wyshak v. City Nat. Bank*, 607 F.2d 824, 826 (9th Cir. (Cal.) 1979) ("In the

23  absence of prejudice to the opposing party, leave to amend should be freely given."). Further, it is the

24  opposing party that must show substantial prejudice in order to defeat a motion for leave to amend.

25  *See, e.g., DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir. 1987) ("The party opposing

26  amendment bears the burden of showing prejudice."); *Morongo Band of Mission Indians v. Rose*, 893

27  F.2d 1074, 1079 (9th Cir. 1990) (showing of substantial prejudice in addition to other factors required

28  to defeat motion for leave to amend). The case law is clear that "[b]ald assertions of prejudice cannot

HOWREY LLP

5

SUN'S MOTION FOR LEAVE TO AMEND COUNTERCLAIMS
Case No. C 06-01988 (CRB) [JCS]

DM_US\8422689.v2

1   overcome the strong policy reflected in Rule 15(a) to 'facilitate a proper disposition on the merits.'"

2   *Hurn v. Ret. Fund Trust of the Plumbing, Heating and Piping Indus. of S. Cal.,* 648 F.2d 1252, 1254

3   (9th Cir. 1981) (quoting *Conley v. Gibson,* 355 U.S. 41, 48 (1957)).  Moreover, "[a]ny prejudice to the

4   nonmovant must be weighed against the prejudice to the moving party by not allowing the

5   amendment." *Bell v. Allstate Life Ins. Co.,* 160 F.3d 452, 454 (8th Cir. 1998).

6        Finally, an opposing party must show that the proposed amendment is futile.  Although a court

7   may deny a motion for leave to amend if it concludes that the proposed amendment would be futile,

8   the standard in this regard is one that favors the party seeking to amend.  *See, e.g., McCartin v. Norton,*

9   674 F.2d 1317, 1321 (9th Cir. 1982) (leave to amend "is to be liberally granted where from the

10  underlying facts or circumstances, the plaintiff may be able to state a claim").  In particular, the Ninth

11  Circuit has made clear that where discovery is ongoing, "a proposed amendment is futile only if no set

12  of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim or

13  defense. *Miller v. Rykoff-Sexton, Inc.,* 244 F.3d 104, 110 (9th Cir. 1988) (citing *Baker v. Pac. Far E.*

14  *Lines, Inc.,* 451 F. Supp. 84, 89 (N.D. Cal. 1978)).

15  **IV.    ARGUMENT**

16       **A.    Leave To Amend Counterclaims Should Be Granted Because Sun Has Complied With**
          **The Timeline Set Forth In The Case Management Order.**

17

18       Sun respectfully submits that the Court should grant this Motion to Amend because Sun has

19  complied with the timeline for amending its counterclaims as set forth in the CMO.  The present

20  motion is only necessitated by Azul's refusal to stipulate to the amended counterclaims.  The CMO

21  clearly sets forth that the period, during which the parties were to stipulate to amending the

22  counterclaims to include any of the 15 original declaratory judgment patents, was not to expire until

23  "30 days after" Azul delivered all of the agreed upon production.

24       As detailed above, Azul did not complete its required production until, at the earliest,

25  November 17, 2006 (and, arguably, November 21, when Sun's counsel was successful in unzipping

26  Azul's production files) when it supplied Sun's counsel with the software utility that allowed Sun to

27  access the previously unreadable AVM module source code.  Less than thirty days later, after Sun was

28

HOWREY LLP

6

DM_US\8422689.v2

1    able to complete its analysis, and in full compliance with the CMO, Sun formally asked Azul to

2    stipulate to the amended counterclaims on December 14, 2006.

3    **B.     Leave To Amend Counterclaims Should Be Granted Because Sun Has Demonstrated
        Good Cause For The Amendments.**

4

5        To the extent that that Court finds that Sun is not in compliance with the deadline set forth in

6    the CMO, Sun alternatively moves the Court to treat this Motion as a request to modify the schedule

7    pursuant to Federal Rule of Civil Procedure 16(b).  Because Sun believes that the facts described

8    above demonstrate "good cause," Sun respectfully submits that the present motion should be granted.

9        As noted above, Rule 16(b)'s "good cause" standard primarily considers the diligence of the

10   party seeking the amendment. *Johnson*, 975 F.2d at 609.  To demonstrate diligence, courts have

11   looked at factors such as the moving party's diligence in assisting the court in creating a workable Rule

12   16 order, development of matters which could not have been reasonably foreseen or anticipated at the

13   time of the Rule 16 scheduling conference, and the moving party's diligence in seeking amendment of

14   the Rule 16 order once it became apparent that the party could not comply with the order. *Jackson*,

15   186 F.R.D. at 607-608.

16       **1.     Sun Diligently Assisted The Court In Creating A Workable Rule 16 Order.**

17       Undeniably, Sun assisted the Court in creating a workable Rule 16 order.  Sun actively

18   participated, in good faith, with Azul to submit proposals for the CMO that were reasonable and

19   efficient.  It is unquestionable that Azul's Complaint precipitated this suit.  Furthermore, Sun's

20   counterclaims were due prior to the entry of the CMO.  Therefore, Sun negotiated for additional time

21   to evaluate whether any of the 15 patents originally threatened by Azul's declaratory judgment action

22   could be properly litigated in this action.  As reflected in the wording of the CMO, that evaluation was

23   predicated on Sun receiving all the information from Azul to properly evaluate any potential

24   infringement counterclaims.  In September of 2006, the proposed schedule was, on its face, a workable

25   Rule 16 order and Sun diligently participated in its formulation.

26       **2.     Any Noncompliance With The Rule 16 Order Is Due To Events That Could
            Not Have Been Reasonably Foreseen.**

27       Any non-compliance with the CMO was due to the reasonably unforeseen fact that Azul would

28   fail to produce the source code and documentation contemplated in the CMO until November 17,

HOWREY LLP

7

SUN'S MOTION FOR LEAVE TO AMEND COUNTERCLAIMS
Case No. C 06-01988 (CRB) [JCS]

DM_US\8422689.v2

1    2006.  As detailed above, Azul, presumably in good faith, produced a voluminous source code and

2    document production on September 29, 2006.  Sun diligently undertook its evaluation of the produced

3    materials.  As soon as Sun's counsel was able to determine that source code and documents were

4    missing or inaccessible, Sun notified Azul, with specificity, of the defects in Azul's production.

5    Furthermore, Sun notified Azul that these deficiencies in Azul's production interfered with Sun's

6    ability to evaluate additional counterclaims.  Notwithstanding this interference with its ability to

7    properly evaluate potential counterclaims, Sun notified Azul of its intent to pursue counterclaims on

8    the Three Patents before Azul had completed its production obligation under the CMO.

9            In some of its correspondence, Azul has insinuated that Sun, the originator of Solaris (*i.e.*, a

10   Unix/Linux-based operating system), should be able to easily access Azul's produced source code.

11   Such arguments are disingenuous.  First, Azul marked all of the source code files as "Highly

12   Confidential – Outside Counsel's Eyes Only," thus Sun personnel do not have access to the source

13   code under the Protective Order entered in this case.  Furthermore, when Sun's counsel attempted to

14   access Azul's source code on a Unix-based machine, errors were still encountered.  *See* Ex. 12.

15   Likewise, Azul's self-serving arguments that its version of the source code DVD had no errors or that

16   Azul was able to successfully unzip the files are also not well founded.  Again, it was not reasonably

17   foreseeable in September of 2006 that Azul would fail to comply with the discovery timetable

18   specified in the CMO or that Sun's counsel would have technical difficulties accessing the produced

19   copy of the source code DVD.

20                       **3.    Sun Has Been Diligent In Bringing This Motion To Amend**

21           As of the filing of this motion on December 21, 2006, Azul had failed to respond to Sun's

22   December 14 letter requesting that Azul stipulate by December 19 to the filing of the amended Answer

23   and Counterclaims.  Sun diligently brings this Motion to Amend two days later.

24   **C.    Azul Cannot Establish Any Factors Necessary To Deny Sun's Motion To Amend Its
           Counterclaims.**

25           As explained above, Sun has established that it is in compliance with the CMO, and that it has

26   good cause to amend its counterclaims. Therefore, the present motion to amend should be granted.

27   Having established good cause, the inquiry turns to the Rule 15(a) factors concerning whether:  (1) the

28   moving party unduly delayed in seeking leave to amend; (2) the proposed amendment is prompted by

HOWREY LLP

8

DM_US\8422689.v2

1   bad faith or dilatory motive; (3) the proposed amendment would result in undue prejudice to the

2   opposing party; and/or (4) the proposed amendment would be "futile" — *i.e.*, insufficient to pass

3   muster under Rule 12(b)(6). *Moore*, 885 F.2d at 538; *Forman*, 371 U.S. at 182. Azul cannot establish

4   any of the above.

5       **1.    Azul cannot establish that Sun has unduly delayed or acted in bad faith.**

6       In order to establish delay and/or bad faith, Azul must show that Sun was aware of the facts on

7   which the amendment was based at the time of the drafting of the original counterclaim. *See, e.g.,*

8   *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). Sun was not in possession of sufficient facts to

9   bring the proposed amendments in May 2006. In fact, precisely because Sun did not have sufficient

10  information to determine which, if any, of the 15 declaratory judgment patents should be added to the

11  counterclaims, in September of 2006 (some four months after the drafting of the original

12  counterclaims), the parties negotiated, and the Court ordered, a period of investigation to allow Sun to

13  acquire sufficient facts to bring additional counterclaims. *See*, Ex. 1 at p. 12. Moreover, Sun's

14  proposed amended counterclaims are not brought to delay this case, to defeat jurisdiction or for any

15  other dilatory motive. Accordingly, Azul cannot establish either undue delay or bad faith.

16      **2.    Azul Will Not Be Prejudiced as a Result of the Amendment.**

17      Azul will suffer no prejudice by the filing of Sun's amended counterclaims. Sun's proposed

18  amended counterclaims are being offered well in advance of trial, while discovery is still ongoing.

19  *See, e.g., DCD Programs*, 833 F.2d at 187-88 (no prejudice or unjust delay where the case is still at the

20  discovery stage and trial date is not imminent). No depositions have taken place, expert reports have

21  not been filed and it is still possible to serve additional discovery requests. Moreover, Azul is already

22  aware of the evidence supporting Sun's new claims. In particular, Azul presumably performed its own

23  investigation of the Three Patents in order to satisfy its obligation under Rule 11 when it sought

24  declaratory relief against the Three Patents in its originally filed Complaint.

25      Furthermore, Azul had at least agreed to the possibility that Sun would add the Three Patents

26  into the suit per the arrangement specified in the Case Management Order. Thus, Azul cannot now

27  claim to be prejudiced by counterclaims directed to these three additional patents that it included in its

28

HOWREY LLP

9

SUN'S MOTION FOR LEAVE TO AMEND COUNTERCLAIMS
Case No. C 06-01988 (CRB) [JCS]

DM_US\8422689.v2

1   own Complaint.  Accordingly, because the proposed amended counterclaims will not prejudice Azul,

2   leave to amend should be granted.

3   **3.     Azul Cannot Show that the Proposed Amendment Is Futile.**

4   Finally, Azul also cannot show that the proposed amendment is futile.  For one, Azul originally

5   brought suit for declaratory judgment on these very same Three Patents.  Clearly, Azul believes there

6   are sufficient facts to state a claim on the Three Patents.  Furthermore, as shown in Sun's proposed

7   Second Amended Answer and Counterclaims, Sun has pled facts sufficient to state a claim that Azul is

8   infringing one or more claims of the Three Patents.  Ex. 16 at pp. 23-25.

9   **V.      IMPACT OF PROPOSED AMENDMENT ON THE CURRENT SCHEDULE**

10   Sun recognizes that the parties have already filed a Joint Claim Construction Statement

11   ("JCCS") and that to amend the counterclaims to add the Three Patents will require a supplemental

12   JCCS to accommodate any additional terms requiring construction.  Sun also recognizes that this will

13   delay the proposed briefing and hearing scheduled for the original six counterclaim patents.

14   Furthermore, Sun understands that, if the Court finds that Rule 16(b) should apply, a corresponding

15   Motion To Change Time, pursuant to Local Rule 6-3, is required.  Therefore, Sun provides the

16   following proposed schedule to assist the Court and to provide the information required under Local

17   Rule 6-3.

18   The reasons for the requested enlargement of time and the efforts made to obtain a stipulation

19   are described above and incorporated herein by reference.  The harm or prejudice to Sun that would

20   occur if the Court does not change the time is that Sun would be forced to bring a separate action

21   against Azul in order to protect the rights embodied in the Three Patents.  As there is already an action

22   pending before this Court pertaining to related subject matter and patents, to pursue a separate action

23   would be an inefficient use of judicial resources and unnecessarily costly to both parties.

24   There has been only one previous change to the case schedule, on an issue unrelated to this

25   motion.  On October 30, 2006, the parties stipulated to modifying the filing dates for the parties' Claim

26

27

28

HOWREY LLP

10

DM_US\8422689.v2

Construction Briefs and related statements and discovery, while maintaining the Court's Construction Hearing date. This modification was approved by Judge Breyer.[4]

Sun proposes the following accelerated schedule to accommodate adding the Three Patents to its Answer and Counterclaims. This proposal substantially follows the time intervals and durations in the Court's original CMO. Sun proposes a shortened claim construction period for the Three Patents (*i.e.*, exchange of terms and constructions, *etc.*) in an effort to follow the guidance in the Court's original schedule.

| Milestone | Time Modification & Effect |
|---|---|
| Disclosure of Asserted Claims and Preliminary Infringement Contentions For the Three Patents | 1 week after Order Granting Motion To Amend Counterclaims |
| Preliminary Invalidity Contentions For the Three Patents | 40 Days after Sun's Preliminary Infringement Contentions |
| Exchange of proposed claim terms and claim elements for construction | 1 week after Azul's Preliminary Invalidity Contentions |
| Exchange of proposed claim constructions and preliminary identification of extrinsic evidence | 10 days after Exchange of proposed claim terms and claim elements for construction |
| Joint Claim Construction and Prehearing Statement | 1 month after Exchange of proposed constructions |
| Completion of Claim Construction Discovery | 1 month after Joint Claim Construction and Prehearing Statement |
| Opening Claim Construction Briefs | 1 month after Joint Claim Construction and Prehearing Statement |
| Responsive Claim Construction Brief | 16 days after Opening Claim |

---

[4] Additionally, there was a change in the briefing schedule for Azul's Motion to Remove Confidential Designation from Sun's Section 2019 Statement. On November 22, 2006, Judge Joseph C. Spero approved a change in the schedule for Sun's opposition and Azul's reply briefs. The hearing date remained unchanged.

11

HOWREY LLP

DM_US\8422689.v2

| Milestone | Time Modification & Effect |
|---|---|
|  | Construction Briefs |
| Reply Claim Construction Brief | 1 week after Responsive Claim Construction Briefs |
| Claim Construction Hearing (Subject to the Court's Schedule) | In the same month as Reply Claim Construction Briefs |
| Disclosure of Experts | 2 months after Claim Construction Ruling |
| Disclosure of Willfulness Opinion and related materials | 50 days after Claim Construction Ruling per ND Cal. Local Rule 3-8. |
| Disclosure of Rebuttal Experts | 3 weeks after Disclosure of Experts |
| Fact Discovery Cut-Off | 1 month after Disclosure of Rebuttal Experts |
| Expert Reports (Burden of Proof) and Patent Law Experts | 15 days after Fact Discovery Cut-Off |
| Rebuttal Expert Reports | 1 month after Expert Reports |
| Completion of Expert Depositions | 21 days after Expert Reports |
| Last Day To File Dispositive Motions | 21 days after Close of period for Expert Depositions |
| Hearing on Dispositive Motions (subject to the Court's Schedule) | 1 month after close of period to file dispositive motions |
| Trial (subject to the Court's Schedule) | 3 months after hearing on dispositive motions |

SUN'S MOTION FOR LEAVE TO AMEND COUNTERCLAIMS
Case No. C 06-01988 (CRB) [JCS]

1   VI.   **CONCLUSION**

2       Sun respectfully submits that it has complied with the schedule set forth in the CMO.

3   Additionally, Sun has demonstrated good cause and moved promptly and in good faith in seeking

4   amendment of its counterclaims, and amendment will not prejudice Azul or be futile.  For the

5   foregoing reasons, Sun respectfully requests that this Court grants its motion for leave to file its

6   amended counterclaims and change the CMO accordingly.

7

8   Dated:  December 21, 2006                            HOWREY LLP

9

10                                                  By:   _____ */s/*  Benjamin K. Riley_____

                                                            Benjamin K. Riley

11

12                                                  Attorneys for Defendant and Counter-Claimant
                                                    SUN MICROSYSTEMS, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOWREY LLP

13

DM_US\8422689.v2