IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZUL SYSTEMS, INC., | No. C 06-01988 CRB |
| Plaintiff, | **ORDER** |
| v. | |
| SUN MICROSYSTEMS, INC., | |
| Defendant. | |

    Now pending before the Court are two motions filed by Defendant-Counterclaimant Sun Microsystems, Inc. ("Sun"). In both motions, Sun seeks to amend to its prior pleadings--in the first, Sun seeks leave to amend its counterclaims to add causes of action for the alleged infringement of three additional patents; in the second, Sun seeks to amend its Section 2019 Statement to add claims for the alleged misappropriation of two additional trade secrets.

    Notwithstanding the "prompt and enthusiastic technical assistance" provided by Plaintiff Azul Systems, Inc. ("Azul") in this matter, the Court finds good cause to grant both of Sun's motions. While the Court is mindful that Sun could have made a more vigilant effort to identify possible counterclaims and to overcome the technical obstacles that delayed it from doing so, the Court is nonetheless persuaded that Sun made a good-faith effort to comply with the deadlines set forth in the case management schedule and to communicate with Azul about the problems it experienced in reviewing the production materials. For a variety of reasons, including the multiple rounds of disclosures involved in the discovery

1 process, as well as the technical difficulties involved in reviewing the disclosed documents,
2 the Court finds good cause to permit Sun to amend its responsive pleadings, notwithstanding
3 the expiration of the deadline set forth in the case management schedule.  To hold otherwise
4 would punish Sun for taking steps to ensure that a good-faith basis exists for its claims and
5 would frustrate the comprehensive resolution of the controversy between Sun and Azul--a
6 controversy that, as Azul's own initial complaint suggests, encompasses the patents and trade
7 secrets at issue in the current motion.

8    The Court further rejects Azul's suggestion that bifurcation of the case is necessary
9 due to the pending motions.  Azul cannot claim surprise or demonstrate undue prejudice as a
10 result of Sun's decision to incorporate the patents and trade secrets in question into this
11 lawsuit, given that Azul itself identified these or related items in its original complaint for
12 declaratory relief.  Nor does the Court agree with Azul's suggestion that the incorporation of
13 these additional patents and trade secrets into the lawsuit would require a six-month
14 postponement of the trial, which is currently scheduled to take place nearly a year from now.
15 The revised claim construction schedule, as set forth in Sun's unopposed motion for
16 modification, will "delay" the claim construction hearing by only one month.  Whether that
17 "delay" will require the postponement or prolongation of these proceedings is a question that
18 cannot be determined now, though the Court fails to see at this point why the eight months
19 between a March claim construction hearing and a December trial would be insufficient time
20 for Azul to prepare its case.

21    For these reasons, Sun's Motion to Submit Supplemental Section 2019 Statement and
22 Sun's Motion for Leave to Amend Counterclaims are hereby GRANTED.  Azul's motion to
23 bifurcate the proceedings is hereby DENIED.

24    **IT IS SO ORDERED.**

25
26
27 Dated: January 22, 2007              CHARLES  R. BREYER
                                        UNITED STATES DISTRICT JUDGE
28