ALAN H. BLANKENHEIMER (Bar No. 218713)
JO DALE CAROTHERS (Bar No. 228703)
HELLER EHRMAN LLP
4350 La Jolla Village Drive, 7th Floor
San Diego, California 92122-1246
Telephone: (858) 450-8400
Facsimile: (858) 450-8499
alan.blankenheimer@hellerehrman.com

ROBERT T. HASLAM (Bar No. 71134)
PETER E. GRATZINGER (Bar No. 228764)
ANUPAM SHARMA (Bar No. 229545)
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, California 94025-3506
Telephone: (650) 324-7000
Facsimile: (650) 324-0638
robert.haslam@hellerehrman.com

Attorneys for Plaintiff and Counterclaim Defendant
AZUL SYSTEMS, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| AZUL SYSTEMS, INC., <br><br> Plaintiff and Counterclaim Defendant, <br><br> v. <br><br> SUN MICROSYSTEMS, INC., <br><br> Defendant and Counterclaim Plaintiff. | Case No.: 3:06-cv-01988-CRB (JCS) <br><br> **SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT** |

AZUL SYSTEMS, INC ("Azul") alleges as follows:

**NATURE OF ACTION**

1. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Azul seeks a judgment against Sun Microsystems, Inc. ("Sun"), that Azul is not using or infringing the following United States Letters Patent (the "Sun Patents") and/or that these patents are invalid and/or unenforceable:

| | |
|---|---|
| No. 6,862,664 ("'664 Patent") | Method and apparatus for avoiding locks by speculatively executing critical sections |
| No. 6,938,130 ("'130 Patent") | Method and apparatus for delaying interfering accesses from other threads during transactional program execution |
| No. 6,003,065 ("'065 Patent") | Method and system for distributed processing of applications on host and peripheral devices |
| No. 6,901,491 ("'491 Patent") | Method and apparatus for integration of communication links with a remote direct memory access protocol |
| No. 7,013,454 ("'454 Patent") | Thread suspension system and method using trapping instructions |
| No. 6,823,351 ("'351 Patent") | Work-stealing queues for parallel garbage collection |
| No. 6,408,383 ("'383 Patent") | Array Access Boundary Check By Executing BNDCHK Instruction with Comparison Specifiers |
| No. 6,542,990 ("'990 Patent") | Array Access Boundary Check By Executing BNDCHK Instruction with Comparison Specifiers |
| No. 6,892,295 ("'295 Patent") | Processing Architecture Having An Array Bounds Check Capability |

2. Also pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Azul seeks a judgment against Sun that Azul has not directly or indirectly appropriated trade secrets in violation of California state law.

**PARTIES**

3. Plaintiff Azul is a Delaware corporation with a principal place of business in Mountain View, California. Azul is a technology pioneer in "network attached processing," a

1
SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO. 3:06-CV-01988-CRB (JCS)

fundamentally new approach to providing processing power for enterprise applications, and a provider of associated products and services.

4. On information and belief, defendant Sun is a Delaware corporation with a principal place of business in Santa Clara, California. Sun is a provider of computing products and services.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this complaint under the Declaratory Judgment Act, 28 U.S.C. § 2201, and pursuant to 28 U.S.C. §§ 1331 (federal question), 1338(a) (action arising under an Act of Congress relating to patents), and 1367(a) (supplemental jurisdiction over all other claims).

6. Venue in this district and this division is proper pursuant to 28 U.S.C. § 1391 (b) and (c).

**GENERAL ALLEGATIONS**

7. On February 16, 2005, Sun sent a letter to Azul stating that "Sun owns substantial patent rights and trade secrets with great relevance to Azul's planned products," and listing several patents.

8. Azul determined that it does not infringe any valid patent referenced by Sun or use any Sun trade secrets, and informed Sun of these findings. Sun and Azul subsequently met for over a year in an attempt to resolve the dispute.

9. During one such meeting on April 6, 2005, Sun emphasized that it is a much bigger company than Azul, with a patent portfolio of over 4,500 United States Patents. Sun reiterated its allegations that Azul infringes the patents listed in the February 16, 2005 letter. Sun also alleged that Azul additionally infringes the '664 Patent. In addition, Sun pointed out that certain employees of Azul are former employees of Sun, and reasserted its allegation that Azul is using unspecified Sun trade secret information. Sun demanded that Azul pay to license Sun patents and trade secrets.

10. In a letter of April 8, 2005, and repeatedly since that time, Azul has requested that Sun clarify the nature of the trade secrets claimed by Sun. Sun has never done so.

11.     In a meeting with Sun on May 5, 2005 and repeatedly since that time, Azul offered to conduct an independent trade secret audit for Sun's benefit. Sun has never agreed to an independent audit. Sun has also consistently refused every other non-litigation option suggested by Azul, such as a mediated discussion between the parties' technical teams or other form of mediation or arbitration. In a letter of May 16, 2005, Sun stated: "We do not need a mediator or independent auditor to point out the obvious."

12.     At a June 20, 2005 meeting, Sun again refused to disclose its alleged trade secrets. However, Sun stated that it had been working on a trade secret list for six months and that its list was now complete. Since Sun has refused to disclose the content of this list to Azul, Azul must infer that its purpose is to produce an apprehension of suit by Sun.

13.     At a September 13, 2005 meeting, Sun accused Azul of additionally infringing the '130 Patent and the '491 Patent.

14.     In a letter of January 18, 2006, Sun demanded that Azul preserve documents relating to Sun's patent and trade secret allegations. Sun stated that a party has such an obligation "once it knows or reasonably should know of the possibility of future litigation."

15.     At a February 1, 2006 meeting, Sun accused Azul of additionally infringing the '065 Patent and the claims of U.S. patent application 2002/0052962. On March 14, 2005, the application issued as the '454 Patent.

16.     On February 16, 2006, a high level Sun executive told a member of the Azul board of directors that if Azul did not come to terms, Sun would sue. The Sun executive said that he had "seen a draft of the complaint." On February 17, 2006 the executive repeated this threat to a member of Azul management.

17.     The last meeting between the parties was on March 8, 2006. The parties discussed Azul's long-standing offers to allow Sun access to Azul confidential technical information. Sun demanded that Azul provide a long list of its most confidential documents to Sun's outside litigation counsel, Howrey LLP, without restrictions on Sun's or its counsel's use of that information. Azul explained that Azul would be willing to provide Sun access to its confidential

documents, provided that Sun agrees not to use such extraordinary access to Azul confidential information for litigation purposes. Sun refused to agree.

18. In numerous meetings and correspondence from February 2005 through the present, Sun and Azul have been unable to reach any agreement with respect to Sun's trade secret misappropriation and patent infringement allegations. Those discussions are now at an impasse, with Sun advising that it is unwilling to moderate its demands.

19. Azul has a reasonable apprehension of suit based on, *inter alia*, the ongoing and unresolved disagreement between Azul and Sun; Sun's actions in demanding payment for Azul's alleged use of Sun's patents and trade secrets; Sun's disclosure that it has compiled a list of trade secrets allegedly used by Azul but its refusal to show the list to Azul; Sun's demand that Azul preserve documents in anticipation of litigation; Sun's demand that Azul give technical documentation to Sun's outside counsel while refusing to agree that the documents will not be used for litigation; and the explicit threat of litigation from a high level Sun executive to a member of Azul's board of directors.

20. On May 3, 2006, Sun filed a Counterclaim for infringement of each of the Sun Patents, including the '351 Patent, which had not been previously identified by Sun.

21. On January 26, 2007 Sun filed a Second Amended Counterclaim for infringement of each of the Sun Patents, including the '383 Patent, '990 Patent, and '295 Patent, each of which had not been previously identified by Sun.

22. There is an actual, substantial and continuing justiciable controversy between Sun and Azul regarding the validity and enforceability of the Sun Patents, regarding Azul's alleged use of the Sun Patents, and regarding Azul's alleged use of Sun trade secrets.

### FIRST CLAIM FOR RELIEF
### Declaratory Relief – '664 Patent

23. Azul incorporates by reference each and every allegation set forth in paragraphs 1-22 of the Complaint.

24. Azul seeks a declaration that no device made, used, sold, or offered for sale by Azul uses the '664 Patent and/or that it is invalid and/or unenforceable for one or more of the grounds set forth in §§ 102, 103 and 112 of Title 35 of the United States Code.

## SECOND CLAIM FOR RELIEF

### Declaratory Relief – '130 Patent

25. Azul incorporates by reference each and every allegation set forth in paragraphs 1-22 of the Complaint.

26. Azul seeks a declaration that no device made, used, sold, or offered for sale by Azul uses the '130 Patent and/or that it is invalid and/or unenforceable for one or more of the grounds set forth in §§ 102, 103 and 112 of Title 35 of the United States Code.

## THIRD CLAIM FOR RELIEF

### Declaratory Relief – '065 Patent

27. Azul incorporates by reference each and every allegation set forth in paragraphs 1-22 of the Complaint.

28. Azul seeks a declaration that no device made, used, sold, or offered for sale by Azul uses the '065 Patent and/or that it is invalid and/or unenforceable for one or more of the grounds set forth in §§ 102, 103 and 112 of Title 35 of the United States Code.

## FOURTH CLAIM FOR RELIEF

### Declaratory Relief – '491 Patent

29. Azul incorporates by reference each and every allegation set forth in paragraphs 1-22 of the Complaint.

30. Azul seeks a declaration that no device made, used, sold, or offered for sale by Azul uses the '491 Patent and/or that it is invalid and/or unenforceable for one or more of the grounds set forth in §§ 102, 103 and 112 of Title 35 of the United States Code.

## FIFTH CLAIM FOR RELIEF

### Declaratory Relief – '454 Patent

31. Azul incorporates by reference each and every allegation set forth in paragraphs 1-22 of the Complaint.

32. Azul seeks a declaration that no device made, used, sold, or offered for sale by Azul uses the '454 Patent and/or that it is invalid and/or unenforceable for one or more of the grounds set forth in §§ 102, 103 and 112 of Title 35 of the United States Code.

### SIXTH CLAIM FOR RELIEF
### Declaratory Relief – '351 Patent

33. Azul incorporates by reference each and every allegation set forth in paragraphs 1-22 of the Complaint.

34. Azul seeks a declaration that no device made, used, sold, or offered for sale by Azul uses the '351 Patent and/or that it is invalid and/or unenforceable for one or more of the grounds set forth in §§ 102, 103 and 112 of Title 35 of the United States Code.

### SEVENTH CLAIM FOR RELIEF
### Declaratory Relief – '383 Patent

35. Azul incorporates by reference each and every allegation set forth in paragraphs 1-22 of the Complaint.

36. Azul seeks a declaration that no device made, used, sold, or offered for sale by Azul uses the '383 Patent and/or that it is invalid and/or unenforceable for one or more of the grounds set forth in §§ 102, 103 and 112 of Title 35 of the United States Code.

### EIGHTH CLAIM FOR RELIEF
### Declaratory Relief – '990 Patent

37. Azul incorporates by reference each and every allegation set forth in paragraphs 1-22 of the Complaint.

38. Azul seeks a declaration that no device made, used, sold, or offered for sale by Azul uses the '990 Patent and/or that it is invalid and/or unenforceable for one or more of the grounds set forth in §§ 102, 103 and 112 of Title 35 of the United States Code.

### NINTH CLAIM FOR RELIEF
### Declaratory Relief – '295 Patent

39. Azul incorporates by reference each and every allegation set forth in paragraphs 1-22 of the Complaint.

40. Azul seeks a declaration that no device made, used, sold, or offered for sale by Azul uses the '295 Patent and/or that it is invalid and/or unenforceable for one or more of the grounds set forth in §§ 102, 103 and 112 of Title 35 of the United States Code.

## TENTH CLAIM FOR RELIEF

### Inequitable Conduct – '383 Patent

41. The '383 patent, the '990 patent and the '295 patent, along with U.S. Patent Nos. 6,014,723 ("the '723 patent"), 6,185,673 ("the '673 patent"), and 7,028,170 ("the '170 patent") all are directed toward substantially related subject matter. The '723 patent, with named inventors Tremblay, O'Connor and Joy, was filed January 24, 1996, and issued January 11, 2000. The '383 patent, also with named inventors Tremblay and O'Conner, was filed May 4, 2000. The '990 patent, also with named inventors Tremblay and O'Conner, is a continuation of the '383 Patent. The '295 patent, with named inventor Saulsbury, was filed on March 8, 2001, and claims priority to a provisional application filed on March 8, 2000. The '673 patent, with named inventor Dewan, was filed June 30, 1998. The '170 patent, with named inventor Saulsbury, was filed March 8, 2001 and claims priority to a provisional application filed March 8, 2000.

42. The '723 patent is prior art under 35 U.S.C. §§102(a) and 103(a) to the '383, '990 and '295 Patents. The '295 patent is prior art under 35 U.S.C. §§102(a) and 103(a) to the '383 and '990 patents. The '170 patent is prior art under 35 U.S.C. §§102(a) and 103(a) to the '295, '383 and '990 patents. The '673 patent is prior art under 35 U.S.C. §§102(a) and 103(a) to the '295, '383 and '990 patents.

43. The '383 patent is unenforceable under the doctrine of inequitable conduct. On information and belief, the named inventors and other individuals associated with the filing and prosecution of the application that led to the issuance of the '383 patent were aware of information material to the patentability of the claims set forth in such application and, with intent to deceive,

7
SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO. 3:06-CV-01988-CRB (JCS)

failed to disclose such information to the U.S. Patent and Trademark Office ("PTO") in accordance with the requirements of 37 C.F.R. §1.56 and other prevailing law. This information includes:

    (a) the '723 patent;

    (b) the '295 patent;

    (c) the co-pending application that led to the issuance of the '170 patent;

    (d) the co-pending application that led to the issuance of the '673 patent;

    (e) prior art references cited in the '723 patent including U.S. Patent Nos. 4,084,225 and 5,583,988;

    (f) prior art references cited by the applicant in the '295 patent including U.S. Patent No. 4,542,456.

### ELEVENTH CLAIM FOR RELIEF

#### Inequitable Conduct – '990 Patent

44. Azul incorporates by reference each and every allegation set forth in paragraphs 41-43 of the Complaint.

45. The '990 patent is unenforceable under the doctrine of inequitable conduct. On information and belief, the named inventors and other individuals associated with the filing and prosecution of the application that led to the issuance of the '990 patent were aware of information material to the patentability of the claims set forth in such application and, with intent to deceive, failed to disclose such information to the PTO in accordance with the requirements of 37 C.F.R. §1.56 and other prevailing law. This information includes:

    (a) prior art references cited in the '723 patent including U.S. Patent Nos. 4,084,225 and 5,583,988;

    (b) prior art references cited by the applicant in the '295 patent including U.S. Patent No. 4,542,456;

    (c) the co-pending application that led to the issuance of the '170 patent.

### TWELFTH CLAIM FOR RELIEF

#### Inequitable Conduct – '295 Patent

46. Azul incorporates by reference each and every allegation set forth in paragraphs 41-45 of the Complaint.

47. The '295 patent is unenforceable under the doctrine of inequitable conduct. On information and belief, the named inventors and other individuals associated with the filing and prosecution of the application that led to the issuance of the '295 patent were aware of information material to the patentability of the claims set forth in such application and, with intent to deceive, failed to disclose such information to the PTO in accordance with the requirements of 37 C.F.R. §1.56 and other prevailing law. This information includes:

   (a) the '723 patent;

   (b) the co-pending application that led to the issuance of the '383 patent;

   (c) the co-pending application that led to the issuance of the '990 patent;

   (d) the co-pending application that led to the issuance of the '170 patent;

   (e) the co-pending application that led to the issuance of the '673 patent;

   (f) prior art references cited in the '723 patent, including U.S. Patent No. 4,084,225;

   (g) prior art references cited in the '383 patent, including U.S. Patent No. 5,931,940 and Linley Gwenap, "MAJC Gives VLIW A New Twist," *Microprocessor Report: The Insiders' Guide to Microprocessor Handware*, col. 13, No. 12l, Sept. 13, 1999;

   (h) prior art references cited in the '990 patent, including U.S. Patent No. 6,185,673.

## THIRTEENTH CLAIM FOR RELIEF

### Declaratory Relief – Trade Secrets

48. Azul incorporates by reference each and every allegation set forth in paragraphs 1-22 of the Complaint.

49. Azul seeks a declaration that it has not directly or indirectly misappropriated or converted any Sun trade secrets.

**PRAYER FOR RELIEF**

Wherefore, Azul prays for relief as follows:

(a) For a declaratory judgment that Azul does not infringe, contributorily infringe or induce infringement of, and has never infringed, contributorily infringed or induced infringement of, any of the claims of any of the Sun Patents;

(b) For a declaratory judgment that each of the Sun Patents is invalid and unenforceable;

(c) For a declaratory judgment of no misappropriation or conversion of any Sun trade secrets

(d) that the Court deem this case to be "exceptional" within the meaning of 35 U.S.C. § 285, entitling Azul to an award of its reasonable attorneys' fees and expenses in this action; and

(e) that the Court award Azul such other and further relief as the Court may deem just and proper.

DATED: March 2, 2007                HELLER EHRMAN LLP

By: /s/ Alan H. Blankenheimer
    ALAN H. BLANKENHEIMER

Attorneys for Plaintiff and Counterclaim Defendant
AZUL SYSTEMS, INC.

**JURY DEMAND**

Azul demands a trial by jury of all claims that are triable by jury.

DATED: March 2, 2007　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　HELLER EHRMAN LLP


　　　　　　　　　　　　　　　　　　By  /s/ Alan H. Blankenheimer
　　　　　　　　　　　　　　　　　　　　ALAN H. BLANKENHEIMER

　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff and Counterclaim Defendant
　　　　　　　　　　　　　　　　　　AZUL SYSTEMS, INC.

SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO. 3:06-CV-01988-CRB (JCS)

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 2nd day of March 2007, with a copy of this document via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail on this same date.

| | |
|---|---|
| Thomas M. Dunham, Esq. | dunhamt@howrey.com |
| Henry C. Bunsow, Esq. | bunsowh@howrey.com |
| Nelson M. Kee, Esq. | keen@howrey.com |
| Benjamin K. Riley, Esq. | rileyb@howrey.com |
| Joseph Song, Esq. | songj@howrey.com |

BY\_\_\_\_/s/ Alan H. Blankenheimer_____
ALAN H. BLANKENHEIMER

Attorneys for Plaintiff and Counterclaim Defendant
AZUL SYSTEMS, INC.